CARROLL, DONALD K., Acting Chief Judge.
The appellants were convicted of the crime of robbery by the Criminal Court of Record in cases consolidated for trial and have appealed from their judgments of conviction and sentence, based upon a jury verdict.
The primary issue presented for our determination in this appeal is whether the said court at the trial committed reversible error in denying the appellants’ oral request for jury instructions on the lesser included offenses of petty larceny and assault with intent to commit petty larceny.
All parties to this appeal seem to agree that the principles governing the present appeal were largely settled by the Supreme Court of Florida in the recent case of Hand v. State, 199 So.2d 100 (1967), holding that a trial court must instruct the jury on the lesser included offense of larceny in a trial for robbery, and that the court’s failure to so charge constitutes reversible error. In this Hand case the Supreme Court quashed the decision of this court in Hand v. State, 188 So.2d 364 (1966), in which we held that a trial court need not give jury instructions on lesser included offenses unless the trial evidence is reasonably susceptible of the conclusion by the jury that the accused is guilty of the lesser offense but not of the major crime charged. Our decision was relied on by the court at the trial, which took place before our decision was quashed, as mentioned above.
The main contention made by the appellee in this appeal is that the appellants’ failure to make a written request for instructions on the lesser included offenses waived their right to assign as error the court’s failure to give such instructions.
This contention of the appellee is disposed of by the rules laid down by the Supreme Court of Florida in the very recent case of Brown v. State, 206 So.2d 377, opinion filed January 17, 1968, in which that court like *648 wise quashed a decision of this court [Brown v. State, 191 So.2d 296 (1966) ]. In that Supreme Court case Mr. Justice Thornal, writing for that court, discusses in depth the decisional and statutory law which underlies that court’s views concerning the giving of jury instructions on lesser included offenses. On the subject of the necessity of a request in writing for jury instructions on lesser included offenses, the Supreme Court in this Brown case reached the following conclusion:
“All desired instructions should be requested in writing. A failure to request them may waive the right to have the instructions given, unless, as here, the submission of a particular formal written instruction is obviously a useless gesture.”
Earlier in its said opinion in Brown the Supreme Court stated the following concerning Brown’s failure to file a written request for such jury instructions:
“Brown’s attorney did not file a written request for an instruction. He orally requested ‘a verdict form on larceny.’ The trial judge replied that he was ‘not going to give a charge on larceny.’ The lawyer, at the proper time, objected to the judge’s failure to instruct on larceny. It is clear that the matter was brought to the attention of the judge. It is equally clear that he had no intention of giving the larceny charge regardless of whether a written motion or formally drafted charge were submitted. It would have been a totally useless gesture for counsel to have tendered a prepared instruction. The judge simply refused to give any instruction on larceny. A lawyer is not required to pursue a completely useless course when the judge has announced in advance that it will be fruitless. Birge v. State, 92 So.2d 819 (Fla.1957).”
In the case at bar, while the record on appeal fails to show that the appellants’ attorney made a written request for jury instructions on lesser included offenses, it does show that their attorney made an oral request for such instructions and that the trial court forthwith denied such oral request on the basis of our decision in the Hand case (before it was quashed by the Supreme Court as aforesaid). Under these circumstances, we think that it accords with the letter and spirit of the above-quoted rule from the Brown opinion to say, as we do, that it would have obviously been a useless gesture for the appellants to have submitted particular formal written instruction, and that, therefore, the appellants did not waive their right to have the instructions given.
While this court’s views on the subject of the giving of jury instructions on lesser included offenses, as set forth in our decisions in the Hand and Brown cases, supra, differed from the views of the Supreme Court in its decisions quashing our decisions in the two mentioned cases, we are, of course, bound to follow the Supreme Court’s decision in those cases as the law of this state. Applying the rules laid down by that court in the Hand, Brown, and other Supreme Court cases, we conclude as follows in the appeal before us: (a) the crimes of petty larceny and assault with intent to commit robbery are both lesser offenses necessarily included in the charged crime of robbery and under the evidence at the trial; (b) that the appellants had the right to have the trial court instruct the jury on the mentioned lesser included offenses; and (c) that the appellants did not waive their said right.
Consequently, the judgments appealed from herein should be, and they are, reversed, and the causes are remanded with directions for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
JOHNSON and SPECTOR, JJ., concur.