191 So.2d 296 (1966)
Ernest BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. G-347.
District Court of Appeal of Florida. First District.
August 30, 1966.
*297 T. Edward Austin, Jr., Public Defender, and Mercury N. Kavouklis, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Judge.
The appellant was charged with and convicted of the crime of robbery and has taken this appeal from the judgment of conviction entered by the Criminal Court of Record of Duval County and from an order entered by that court denying his motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial.
The sole question raised by the appellant for our determination in this appeal is whether the trial court erred in not charging the jury concerning the lesser included offense of petty larceny when the appellant was charged with the crime of robbery.
At the conclusion of the evidence during the trial, the appellant requested "a verdict form on larceny," which request the trial court denied.
After the court instructed the jury the said attorney announced to the court that he had no objections to the charges as given, but did object to the court's not having given a charge on larceny. The record on appeal, however, does not set forth the verdict form on larceny as requested by the appellant, nor does the record set forth any written request by the appellant that the court give an instruction on larceny.
Because of the appellant's failure to file before the court at the trial a written request for an instruction on larceny, the *298 appellee contends in this appeal that the appellant failed to comply with the provisions of Section 918.10, Florida Statutes, F.S.A., and hence "has failed to overcome the presumption of correctness of the trial court's verdict, judgment and sentence." The pertinent provisions of that section are in paragraphs (3) and (4) thereof, which read as follows:
"(3) At the close of the evidence, or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury.
"(4) No party may assign as error or grounds of appeal, the giving or the failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
In answer to the appellee's foregoing contention, the appellant invokes the last sentence of Section 919.16, which section provides:
"Conviction of attempt; conviction of included offense. Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard."
In further support of his position, the appellant cites and relies upon the decision of the Supreme Court of Florida in Jimenez v. State, 158 Fla. 719, 30 So.2d 292 (1947) and the decision of this court in Allison v. State, 162 So.2d 922 (1964), for the proposition that the trial court has the duty to charge the jury on lesser included offenses regardless of the accused's failure to request the trial court to so charge.
In the said Jimenez case our Supreme Court held that assault with intent to commit rape is a lesser included offense within the crime of rape, and said:
"So we hold that it was the duty of the trial court to charge the jury as to the lesser offense of assault with intent to commit rape, which offense was in law included in each count of the indictment, and the defendants were not entitled to have the jury directed to either convict of rape, or to acquit."
In Allison v. State, supra, we expressly followed the just-quoted holding, and stated:
"In the present case, therefore, under the holding of our Supreme Court in the Jimenez case, supra, and in accordance with the mandate of the statute (Sec. 919.16), we think that the trial court had a duty to instruct the jury to the effect that, if they are unable to find from the evidence beyond a reasonable doubt that the defendant was guilty of the crime charged  assault with intent to commit rape  they may consider the evidence to determine whether the defendant is guilty of one of the lesser included offenses, defining and explaining the latter offenses. The court had this duty to so charge the jury even if the defendant had not requested such a charge; but the record before us affirmatively shows that at the conclusion of the instructions the defendant's attorney requested that the court charge the jury as to any lesser included offenses, which request the court denied."
In the said Allison case the appellant had requested a charge on a lesser included offense, so our observation as to the situation existing "even if the defendant had not requested such a charge" must be judicially regarded as pure obiter dictum. Nevertheless, upon a new examination of our said dictum, we are convinced that it *299 states a sound rule in harmony with the highest precepts in the administration of criminal justice, as well as being in accordance with the mandate of Section 919.16 quoted above, that the court "shall charge the jury in this regard."
The fact of our adherence to the said rule does not mean that the error of a trial court in failing to perform the said duty necessarily constitutes a harmful or prejudicial error that would justify the reversal of the judgment of conviction.
Another procedure that is important in the administration of criminal justice is the apparent requirement in paragraphs (3) and (4) of Section 918.10, quoted above, that a party may file with the trial court written requests for instructions. Without such written requests reflected, in the record on appeal, a proper appellate review of a judgment of conviction is rendered most difficult. Thus, an accused is given by law a double protection of his right to have the jury instructed concerning lesser included offenses, with the above-described duties upon both the trial court and the defense counsel.
Our review of the decisional law in the area of lesser included offenses, shows us that, regardless of whether or not the defense counsel has made a written request for instructions on lesser included offenses, the trial court need not instruct the jury on lesser included offenses unless all of the following circumstances exist, under the following principles established in Florida:
1. The lesser offense is necessarily included within the greater offense under the standards laid down by the statutory and decisional law of this state.
2. All of the essential elements of the lesser included offense must be alleged in the indictment or information under which the accused is charged and tried.
3. Sufficient competent, substantial evidence must have been adduced at the trial to establish all of the essential elements of the lesser offense. This rule is inherently embodied in innumerable Florida decisions, but was expressly stated by this court in our recent decision in Stewart v. State, 187 So.2d 358 (1966).
4. The evidence at the trial must be reasonably susceptible of inferences by the jury that the accused committed the lesser offense but not the greater offense charged in the indictment or information. This rule, of course, is a refinement of the above rule numbered 3. We recognized this rule in Johnson v. State, 173 So.2d 487 (Fla. App. 1965), and Silver v. State, 174 So.2d 91 (Fla.App. 1965), as discussed below. We stated the same rule in Allison v. State, supra, also discussed below.
5. The state of the evidence must be such that it would be appropriate to charge the jury to the effect that, if they are unable to find from the evidence beyond a reasonable doubt that the accused is guilty of the greater crime charged, they may consider the evidence to determine whether the accused is guilty of one of the lesser included offenses. See the above quotation from Allison v. State, supra. See also Jimenez v. State, supra.
The foregoing five rules are designed to protect the rights of both the accused and society in the trial of criminal cases. Those rules are basically founded upon the fundamental principle in criminal law that no man may be convicted of a crime unless he is charged with that crime and unless sufficient substantial, competent evidence is adduced at his trial to support a finding by the jury, as the triers of the facts, that he is guilty of that crime beyond a reasonable doubt. Those rules are further designed to avoid the futility of requiring the trial court to instruct the jury on a lesser included offense when, under the charge of the indictment or information or under the evidence at the trial, the jury's verdict of guilty of the lesser offense would be legally improper. The rules also serve to preserve the accused's valuable privilege *300 of having the jury informed that he may be found guilty of a lesser included offense, rather than the greater offense that is charged against him.
Applying the above five rules to the case at bar, we find that it does not meet the test stated in the above rule numbered 4. As we view the trial evidence, it was not susceptible of a reasonable inference by the jury that the appellant was guilty of the lesser offense of larceny and not of the greater offense charged by the information  robbery.
In Silver v. State, 174 So.2d 91 (1965) this court recognized the rule that an instruction on a lesser included offense need not be given if the evidence is not reasonably susceptible of the conclusion that the defendant committed such lesser offense.
In the Silver case, supra, Silver was tried for and convicted of grand larceny. In his appeal from the judgment of conviction he contended that the trial court erred in failing of its own motion to instruct the jury with regard to petty larceny. This court held that such failure was not error where no request had been made that the court give that instruction and where under the evidence Silver could not have been found guilty of petty larceny but had to be found either guilty or innocent of grand larceny. With regard to the latter holding we said: "[T]he evidence, taken in the light most favorable to appellant, is not susceptible of a finding of guilty of petit larceny." We also distinguished our holding in Allison v. State, supra, on the ground that in that case the "evidence was such that had the jury been properly charged it might have returned a verdict of guilty to a lesser crime." We also said in the said Silver case:
"It is axiomatic that the trial court should not be required to perform a useless act, as would be the case if compelled of its own motion to charge the jury with respect to a crime which under no aspect of the evidence is shown to have been committed. Appellant's contention must be rejected on the authority of Brown v. State, 124 So.2d 481 (Fla. 1960.)"
The rationale of our decision in the above Silver case was expressly followed several days later in this court's decision in Johnson v. State, supra, which case, like the case at bar, involved a trial on a charge of robbery and the trial court's refusal to instruct the jury on the lesser included offense of grand or petty larceny. We held that, where the accused did not put in issue the amount taken by him and did not request the trial court to instruct the jury concerning any lesser included offense, the court's failure to give instructions as to the lesser included offenses of grand or petty larceny was not error, so we affirmed the judgment of conviction.
The decision of this court, however, which most closely involves a factual situation analogous to that in the instant case is our recent decision in Hand v. State, 188 So.2d 364, opinion filed on June 30, 1966. In that case Hand was charged with and convicted of robbery, and he contended on appeal that the trial court erred in denying his oral request for a jury instruction on the lesser included offense of larceny, just as in the case at bar. They established without contradiction that Hand, carrying a shotgun, entered the victim's trailer home along with several escaped convicts; and that the convicts tied up the victim, his wife, and their two babies with bed sheets, and then stole various articles from the trailer. We recognized that, if a person is charged with robbery and the jury reasonably finds from the evidence that the stealing was accomplished without force, violence, assault, or putting in fear, the jury may, under proper instructions from the trial court, find the defendant guilty of the lesser included offense of larceny, providing that the indictment or information contains averments sufficiently alleging all of the essential elements of larceny and providing that the trial evidence is reasonably susceptible of the conclusion that all of the essential elements of larceny have been established. We held, however, in the Hand case, that the *301 evidence at the trial was not reasonably susceptible of an inference by the jury that the articles stolen from the trailer home "were taken without force, violence, assault, or putting in fear." Therefore, we reasoned, a jury instruction on the lesser included offense would not have been proper under the state of the evidence.
Similarly, in the case at bar we think that the evidence at the trial was not susceptible of the inference by the jury that the larceny was accomplished by the appellant without force, violence, assault, or putting in fear. Therefore, it would have been improper for the trial to have instructed the jury on the lesser included offense of larceny, even if the defendant or his attorney had made a written request for such a charge.
In the case at bar the appellant, Ernest Brown, and a co-defendant Charles Banks, were charged by information with committing the crime of robbery in that on October 26, 1964, in Duval County, they did "by force and violence and assault, and by putting in fear, unlawfully and feloniously rob, steal and take away" from the person and custody of Augustus E. Lanier one lot of coins and currency of the United States of the value of $68.
At the trial the said Lanier, an employee of a Seven-Eleven grocery store in the said county, testified that at about 7:45 P.M. on the date in question, after all customers had left the store, the co-defendant Banks entered and ordered a pack of cigarettes, handing Lanier a dollar bill; and that, when Lanier rang up the sale on the cash register, Banks pulled out a gun and told Lanier to give him all of his money. Lanier testified that Banks "tried to hit me with the gun  tried to hit me. * * *" and then Lanier opened the register and gave Banks all of the money in there, totalling $68; and that Banks shoved his gun into Lanier's chest, picked up the $68, put it in his pocket, walked out of the store, and walked to a waiting car, which immediately "took off." Lanier also said that at one time Banks leaned over the counter and tried to hit Lanier with the barrel of the gun, which looked to Lanier like a revolver. Lanier further testified that during these events he was "nervous" and more or less "scared."
There was sufficient evidence at the trial from which the jury could reasonably find that the appellant was the driver of the "get-away" car.
Two police officers testified that later that night they stopped the car in which Brown and Banks were riding, arrested them, and found in one of Brown's pockets bills totalling exactly $68 in the same denominations as the bills taken from Lanier (four fives and forty-eight ones).
The appellant and his co-defendant each testified at the trial in his own behalf, each stating that he had no memory of any stealing or even stopping at the grocery store where Lanier worked.
In view of the above state of the evidence at the trial, we do see how the jury could have reasonably found the appellant not guilty of robbery but guilty of the lesser included offense of larceny. In the language of the rule which we recognized and applied in our opinions in the Silver, Johnson, and Hand cases, supra, we think that the trial evidence is not reasonably susceptible of an inference by the jury that the stealing was accomplished without force, violence, assault, or putting in fear. Hence we hold that the trial court correctly declined to instruct the jury on larceny.
The rule has long been established in Florida that larceny is a lesser offense necessarily included in the crime of robbery. For instance, in Arnold v. State, 83 So.2d 105 (1955), the Supreme Court of Florida said: "There can be no doubt that the crime of robbery necessarily includes the crime of larceny, the difference primarily being that robbery is an aggravated form of larceny involving force and violence." *302 To the same effect see our recent decision in Hand v. State, supra. This rule flows naturally from the definition of robbery stated in Section 813.01, Florida Statutes which reads as follows:
"Robbery defined; penalties. Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court."
Near the beginning of this opinion we discussed the appellee's contention in this appeal that the appellant violated Section 918.10, Florida Statutes, F.S.A., by failing to make a written request to the trial court for an instruction on the lesser included offense of larceny, and we adverted to the fact that the record fails to show that the appellant made such a written request. In the posture of the present appeal, however, we do not consider it either necessary or appropriate here to pass upon the validity of the appellee's said contention, since we have held above that the trial court could not have properly instructed the jury on the lesser included offense of larceny, regardless of whether or not the appellant made a written request for such an instruction. While we do not pass upon the merits of the said contention, we note that the Supreme Court of Florida has held that the said statutory requirement is not a mere formality. See that court's decisions in Foreman v. State, 47 So.2d 308 (1950) and Brunke v. State, 160 Fla. 43, 33 So.2d 226 (1948).
For the foregoing reasons, the judgment and order appealed from herein must be and they are
Affirmed.
RAWLS, C.J., and WIGGINTON, J., concur.