197 So.2d 842 (1967)
Joe TANNER, Appellant,
v.
STATE of Florida, Appellee.
No. I-180.
District Court of Appeal of Florida. First District.
April 13, 1967.
*843 T. Edward Austin, Jr., Public Defender, and Charles J. Franson, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Stanley D. Kupiszewski, Jr., Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was informed against for the offense of assault with intent to commit murder. The jury convicted appellant of aggravated assault upon which verdict a judgment of conviction and sentence was rendered. From that judgment this appeal is taken.
By his sole point on appeal appellant contends that his right to a fair and impartial trial was prejudiced by the comments made by the trial judge on the evidence during his instructions to the jury on the lesser included offense of assault and battery.
The evidence in the case reveals without dispute that appellant attacked and severely cut and stabbed his victim with a knife during an altercation between them. Appellant's only defense was that he had no intention of killing his victim, and that the wounds inflicted by him were while acting in self-defense.
At the conclusion of the trial the court proceeded to instruct the jury on the offense of assault with intent to commit murder with which Appellant was charged, and followed this instruction with other instructions relating to lesser included offenses, including the offense of assault and battery. While giving the instruction relating to assault and battery, the trial judge commented that he did not know how the jury could find from the evidence that the defendant assaulted the victim without the use of a deadly weapon, or how they could be justified on the evidence in finding the defendant was guilty of assault and battery since he knew of no evidence in the record which could support a conviction for such offense.
At the outset we must emphasize the prohibition prescribed by the settled law of this state against comments on the evidence by trial judges in cases tried to a jury. Such comments are usually grounds for a reversal of the judgment rendered in the case, and such conduct should be studiously avoided. As said by the Third District Court of Appeal in Hamilton v. State:[1]
"The dominant position occupied by a judge in the trial of a cause before a jury is such that his remarks or comments, especially as they relate to the proceedings before him, overshadow those of the litigants, witnesses and other court officers. Where such comment expresses or tends to express the judge's view as to the weight of the evidence, the credibility of a witness, or the guilt of an accused, it thereby destroys the impartiality of the trial to which the litigant or accused is entitled. * * *"
In the case sub judice there was no evidence in the record from which the jury could reasonably have found that appellant was guilty of the lesser included offense of assault and battery. The only evidence before the jury was that the assault by appellant was accomplished with a deadly weapon, to wit, a knife. Because of this, it was not necessary that the trial judge charge or instruct the jury on the lesser offense of assault and battery included in the offense of assault with intent to commit murder *844 as charged in the information.[2] Since it was wholly unnecessary that the court instruct the jury on the offense of assault and battery, his comments on the evidence relating to that offense, although improper, are not considered to constitute harmful error resulting in a miscarriage of justice in this case.[3]
In support of his position on appeal appellant relies upon the decision by the Supreme Court in Goswick v. State.[4] In this case the defendant was charged with the crime of aggravated assault, and the evidence revealed that he attacked and beat his victim with a steel rod. At the conclusion of the case defendant's counsel requested the court to charge the jury on the lesser included offense of assault and battery to the effect that if the jury found that the victim had been assaulted with a weapon which they found not to be a deadly weapon then the verdict would be assault and battery. The trial judge refused such requested instruction, and this refusal was assigned as error and urged as the ground for reversal.
Discussing the general law relating to the offense involved in that case, the Supreme Court stated that "* * * [W]hen the evidence in a trial for aggravated assault would support a conviction for assault and battery, certainly the trial judge should give an instruction covering the latter offense. * * *" The court further held that whether or not the weapon involved is to be classed as "deadly" is a factual question to be resolved by the jury under appropriate instructions. In conclusion the court held that "* * * If the weapon used is found by the jury to be a deadly weapon, even though there has also been a battery, the crime constitutes an aggravated assault. On the other hand, in a particular case such as the one before us, the jury might conclude that the weapon was not deadly. Under such circumstances if the evidence reveals both an assault and a battery, the accused could be convicted of no more than assault and battery. * * *" The distinction between the Goswick case and the case sub judice is obvious. The instrument used for assaulting the victim in Goswick was a steel rod. Whether this instrument constituted a "deadly weapon" under the facts of that case was a question to be decided by the jury. Such was the court's holding because it was possible for a jury, acting reasonably and within the proper limits of its discretion, to have found that the instrument used in the attack was not a deadly weapon, nor was it used as such under the facts in that case.
In the case sub judice the instrument used by the defendant in assaulting his victim was an open knife which he effectively used in cutting and stabbing his victim almost to the point of death. Defendant did not deny that he used his open knife in this manner, but tried to take refuge in the excuse that he did not intend to kill his victim, and was only acting in self-defense, an excuse which the jury obviously refused to accept. Under the facts in the case sub judice the jury, acting as reasonable men, could not under any circumstances have found that the instrument used by defendant in making his assault upon the victim was not a deadly weapon. Because of this the facts in this particular case would not support a verdict finding defendant guilty of the lesser included offense of assault and battery. For these reasons the rule in Goswick has no application to this case, and cannot support appellant's position on this appeal.
The judgment appealed is accordingly affirmed.
WIGGINTON, Acting C.J., JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] Hamilton v. State, (Fla.App. 1959) 109 So.2d 422, 424-425.
[2] Flagler v. State, (Fla. 1967) 198 So.2d 313; Opinion by Supreme Court filed March 1, 1967; Brown v. State (Fla.App. 1966) 191 So.2d 296; Hand v. State, (Fla.App. 1966) 188 So.2d 364.
[3] § 54.23, F.S.
[4] Goswick v. State, (Fla. 1962) 143 So.2d 817.