199 So.2d 100 (1967)
Bobby Ray HAND, Petitioner,
v.
STATE of Florida, Respondent.
Bennie RAULERSON, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 35776, 35774.
Supreme Court of Florida.
May 17, 1967.
*101 T. Edward Austin, Jr., Public Defender, and Charles J. Franson, Asst. Public Defender, for petitioners.
Earl Faircloth, Atty. Gen., David U. Tumin and Stanley D. Kupiszewski, Jr., Asst. Attys. Gen., for respondent.
ERVIN, Justice.
By petitions for writs of certiorari we are requested to review two decisions of the District Court of Appeal, First District, next hereinafter cited. Due to the fact that the primary question of law presented in each case is basically identical, the two cases are consolidated and reviewed together.
In Hand v. State (Fla.App.), 188 So.2d 364, the Petitioner was charged with and convicted of robbery in the Criminal Court of Record of Duval County. During trial Petitioner's attorney orally requested a jury instruction on the lesser included offense of larceny. The trial judge refused to charge the jury concerning the offense of larceny. The District Court of Appeal, First District, affirmed the trial court and in doing so stated:
"It seems to us, however, that in the case at bar evidence was not reasonably susceptible of an inference by the jury that the articles stolen from Irons were taken without force, violence, assault, or putting in fear." (at 365)
In the case of Raulerson v. State (Fla. App. 1966), 188 So.2d 586, the Petitioner was informed against for robbery. At the conclusion of the trial evidence the Petitioner made written request that the trial judge instruct the jury on the lesser included offenses of grand larceny and petit larceny. This request was denied and the Petitioner assigned error. The District Court of Appeal, First District, affirmed as follows:
"Affirmed on authority of this court's decisions in Allison v. State, 162 So.2d 922 (1964), Stewart v. State, Fla.App., 187 So.2d 358, opinion filed June 14, 1966, and Hand v. State, Fla.App., 188 So.2d 364 * * *"
Thus we are presented with the question of whether the trial judges erred in both cases in their refusals to give the requested charges on the lesser included offense of larceny.
There is authority supporting the proposition that a trial court is not in error in refusing to instruct the jury on the lesser included offense of larceny when the court is of the opinion the evidence adduced is not reasonably susceptible of inference by the jury that the articles involved were taken from the victim without force, violence, assault, or putting in fear. See, for example, Brown v. State, Fla.App., 191 So.2d 296, and Silver v. State, Fla.App., 174 So.2d 91. We do not, however, agree with this view, although it has been advanced and even prevailed in appellate decisions in our state. The giving of such instruction should not hinge upon whether the trial court believes the evidence is susceptible of inference by the jury that the defendant *102 is guilty of the lesser offense and not of the greater offense charged. In our opinion such judicial determination at trial level obviously takes a most critical evidentiary matter from the proper province of the jury and vests it improperly as a matter of law with the trial judge. Would it be, we ask hypothetically, consistent with trial fairness to allow the state to charge a person with robbery and in the event of acquittal bring him back into court for another trial on a subsequent charge of larceny which stemmed solely from the commission of the robbery offense originally charged? We answer in the negative. Such a defendant being tried for robbery should upon timely request be permitted to have an instruction on larceny, a necessarily included element of robbery both in statutory definition and in general law, given to the jury for its consideration.
Our approach to this question involves the concept of due process of law and trial fairness. It is also involved in the procedure contemplated by our Florida Statutes in such cases. Chapter 919, Florida Statutes, F.S.A., entitled "Conduct of Jury," contains two sections, 919.14 and 919.16, which are of critical import to the instant situation. Section 919.14 reads as follows:
"Determination of degree of offense.  If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense."
This section is clearly a mandatory direction to give instructions to the jury on all degrees of the offense charged in an indictment or information if said offense is one which is statutorily divided into degrees. The purpose of such direction is to have the jury instructed as to all degrees of such offenses irrespective of whether the trial judge considers them supported by reasonable inferences from the trial evidence. By analogy, the purpose of F.S. Section 919.14, F.S.A. supports the position we take in these cases. In Brown v. State, 124 So.2d 481, we said:
"This Court is now definitely committed to the rule that wherever evidence is sufficient to sustain a charge of murder in the first degree, whether committed in the perpetration of certain felonies or whether from a specific premeditated design a verdict convicting a defendant of a lesser degree of homicide will not be disturbed even though there is no evidence of the particular degree of the offense for which he might be convicted. We have taken the view that the responsibility of determining the degree of guilt in such cases rests peculiarly within the bosom of the trial jury. Killen v. State, Fla., 92 So.2d 825." (at 483, emphasis added)
We look next to F.S. Section 919.16, F.S.A., which is even more pertinent than Section 919.14 to the cases at hand. It reads:
"Conviction of attempt; conviction of included offense  Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard." (emphasis added)
This section of the Florida Statutes is unambiguous and conveys clearly its meaning. Applying F.S. Section 919.16, F.S.A., to the instant situations it is obvious that, if in the minds of the jurors the particular evidence warrants, a defendant charged with robbery could be convicted of the lesser necessarily included offense of larceny. We reiterate that such a determination is properly a jury determination. In such a case the last sentence of Section 919.16 dictates *103 that "[t]he court shall charge the jury in this regard."
In the recent case of Flagler v. State, Fla., 198 So.2d 313, opinion filed March 1, 1967, the defendant-petitioner contended that the trial judge erred in failing to give jury instructions on the lesser included offense of larceny along with the instruction on the offense charged: robbery. There had been no request whatsoever for such instruction. This Court affirmed the lower court judgment and held that request must be made for charges on lesser included offenses. In the instant consolidated cases each defendant, Raulerson and Hand, made requests for jury instruction on the lesser included offense of larceny. In view of the language of F.S. Sections 919.14 and 919.16, F.S.A., and in keeping with what we consider a basic principle of fairness in jury trials, we believe the requests to be reasonable and that the Petitioners herein were entitled to the instructions.
In these cases the very nature of the offense charged, viz. robbery, inherently carries with it the lesser offense of larceny. It is a degree or element of the higher charge. It is not necessary because of the nature of the offense charged for the trial judge to go into the trial evidence and make a judgment of law as to whether the evidence supports the offense of larceny.
F.S. Section 813.011, F.S.A., reads:
"Robbery defined; penalties.  Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court." (emphasis added)
It is obvious that by definition and as a matter of law every robbery necessarily includes the crime of larceny. See, for example, the case of Arnold v. State (Fla.), 83 So.2d 105. Thus it would follow that any defendant charged with the offense of robbery could, by virtue of the language of F.S. Section 919.16, F.S.A., and provided the jury was of the opinion the evidentiary circumstances so justified, be convicted "of any offense which is necessarily included in the offense charged," which would include larceny. In the instant consolidated cases the trial courts became obligated upon the requests of each defendant, to give the requested charges on the lesser included offense of larceny. Giving such requested instruction neither shackles nor unduly burdens the prosecution, nor is it any more than is required by statute and fundamental trial fairness. Such a requirement would have as a result the saving of time and expense because in some cases it would avoid the procedure of bringing a separate new action and conducting a new trial.
Thus, in the present consolidated cases of Hand v. State and Raulerson v. State, we hold that the trial judges were duty bound to instruct the jury to the effect that should they be unable to find from the evidence beyond reasonable doubt that the defendants were guilty of the crime charged  robbery  they could consider the evidence to determine whether the defendants were guilty of a lesser included offense, viz., larceny, and should define and explain the same. The refusal by the trial courts so to charge in the instant consolidated cases was not harmless error.
Any prior appellate decisions conflicting with the principle announced herein are overruled.
The decisions reviewed are quashed with directions that further proceedings below be in accord herewith.
THORNAL, C.J., and THOMAS, ROBERTS and DREW, JJ., concur.