WIGGINTON, Chief Judge.
Appellants were charged with the offense of assault with intent to commit murder. They were convicted by a jury of assault with intent to commit manslaughter and were sentenced to a-term of imprisonment in the state prison. By their appeal, appellants assert that the trial court erred in refusing to instruct the jury on the law relating to assault and battery, as a result of *261 which they were deprived of a fair trial and for which their judgment of conviction should he reversed.
The evidence establishes without dispute that the victim of the assault was shot twice with a pistol fired by appellant Crenshaw. Appellants pleaded self-defense and testified that Crenshaw shot the victim only after the victim attacked him and Rafuse with an open knife. Crenshaw admitted that the pistol used in the assault was owned by him.
In support of their position appellants rely on the case of Goswick v. State[1] in which a defendant was charged with aggravated assault by beating his victim with a steel rod. The Supreme Court held that since the weapon used in committing the assault could have been found by the jury to have been nondeadly in character, the trial judge should have instructed the jury on the law relating to assault and battery because the evidence was susceptible of a finding of guilt for such an offense. In Goswick, however, the Supreme Court made it clear that is is not necessary for a trial court to charge a jury on a lesser included offense unless the evidence introduced at the trial is sufficient as a matter of law to support a conviction for such offense. We emphasize this holding with respect to the necessity of the lesser included offense having a foundation in the evidence before a charge thereon is required. We do so because more recent decisions of the Supreme Court have departed from this rule and have taken the sterile position that if theoretically a greater offense includes lesser offenses, a trial judge must charge on the entire gamut of lesser offenses regardless of whether there is an evidentiary basis in the record to support a conviction for any of them.[2]
In the case of Tanner v. State[3] defendant was charged with assault with intent to commit murder and was convicted of aggravated assault upon which a judgment of conviction and sentence was rendered. On appeal it was contended by appellant that the court erred when it commented in the jury’s presence that even though it had given an instruction on the law relating to assault and battery, it did not think the evidence in the case would warrant a conviction for such lesser included offense. The court’s comment on the evidence was assigned as error. The undisputed evidence established that the assault committed by appellant was accomplished with a deadly weapon, to wit, a knife. This court held that under the facts of that case, the jury could not have found that the instrument used in making the assault was not a deadly weapon and, because of this, the record would not support a verdict finding defendant guilty of the lesser included offense of assault and battery. Since it was found as a matter of law that the trial court was not required to instruct the jury on the lesser included offense of assault and battery, his comment concerning the evidence as it related to such an offense was harmless and did not require reversal of the judgment appealed.
In the case sub judice, as in the Tanner case, appellants were charged with assault with intent to commit murder but were convicted of a lesser included offense. There is no dispute but that the instrument used by them in committing the assault was a deadly weapon. Because of this, there is no evidentiary basis in the recprd which could support a conviction of assault and battery. Although our courts have recently gone to extreme lengths to require trial judges to instruct the jury on all lesser offenses which may theoretically be included in the more serious offense with which a defendant is charged regardless of whether such lesser offenses have any evidentiary basis in the record, we are not aware of *262 any decision which has gone so far as to require the application of a rule different from that pronounced by this court in the Tanner case.
Under the circumstances, and on the authority of the Tanner case, we hold that the trial court did not commit error in refusing to instruct the jury in this case on the lesser included offense of assault and battery. It is our view that the statute which requires instructions on lesser included offenses[4] must be interpreted to mean that such instructions shall be given only when the lesser included offenses have an evidentiary basis in the record, but shall not be required when no evidence has been adduced to support a conviction of the lesser offenses and instructions thereon would serve no purpose but to confuse the jury and obstruct a fair trial. Such an interpretation squares with the settled law of this state as it now exists and as it existed when the statute on lesser included offenses was adopted. The established law as pronounced by our Supreme Court in its uniform holdings over the years is stated to be as follows:
“The scope of an instruction to the jury is to be determined not alone by the pleadings therein, but also by the evidence in support of the issues. Even though an issue is raised by the pleadings, it is not proper to give an instruction thereon where there is no basis for it in the evidence. * * * An instruction not based on the evidence is erroneous in that it introduces before the jury facts not presented thereby, and is well calculated to induce them to suppose that such a state of facts is in the opinion of the court possible under the evidence and may be considered by them. Whether the proceeding is civil or criminal, the court should refuse to give requested instructions not warranted by the evidence, * * * ”[5]
We have carefully considered the remaining points urged by appellants for reversal but find them to be without substantial merit. The judgments appealed are accordingly affirmed.
CARROLL, DONALD K., J., and LAR-KIN, THOMAS A., Associate Judge, concur.

. Goswick v. State (Fla.1962), 143 So.2d 817.

. Hand and Raulerson v. State (Fla.1967), 199 So.2d 100.

. Tanner v. State (Fla.App.1967), 197 So.2d 842; cert. denied (Fla.1967) 201 So.2d 898.

. § 919.16, F.S.A.

. 32 Fla.Jur. 416-418, Trial, § 169.