302 So.2d 142 (1974)
Gwendolyn TERRY, Appellant,
v.
STATE of Florida, Appellee.
No. V-209.
District Court of Appeal of Florida, First District.
October 22, 1974.
Louis O. Frost, Jr., Public Defender, and James O. Brecher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Michael M. Corin, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was charged by information with the crime of assault with intent to commit murder in the first degree. The jury found her guilty of aggravated assault. She appeals the judgment and sentence.
Appellant's first contention is without merit. Under the evidence presented, the trial judge did not err in refusing to instruct the jury on the lesser included offenses *143 of assault and battery and bare assault. Appellant shot the victim with a pistol and interposed a plea of self-defense. See Rafuse v. State, Fla.App.(1st) 209 So.2d 260, cert. dismissed, Fla., 214 So.2d 626.
Appellant also contends that the trial judge committed error in allowing improper cross examination of a defense witness. However, no objection to the alleged improper questions were made to the trial court and appellant cannot now raise this issue for the first time on appeal. McPhee v. State, Fla.App.(1st) 254 So.2d 406.
As to appellant's next point, which questions the trial court's refusal of appellant's request that the jury be instructed on the penalties for the various crimes for which the jury could have returned a guilty verdict, Rule 3.390(a), F.R.Cr.P., provides:
"(a) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial." (Emphasis supplied)
The above rule was adopted from § 918.10, Florida Statutes, with "only minor modification as to terminology" (see committee note to Rule 3.390), and our sister court in Connor v. State, Fla.App.(2d) 253 So.2d 160 (1971), held that the statute was at best directory and not binding on the courts. This ruling was grounded upon the law as stated by the Supreme Court in Simmons v. State, Fla., 36 So.2d 207 (1948). There the Supreme Court held that if the statute were given a mandatory application by the courts, such would be an encroachment or infringement by the legislature upon the constitutional power of the courts. It therefore construed the word "must" in the statute to mean "may". But now the Supreme Court has adopted the same mandatory language by rule and has thereby imposed the same requirements upon the trial courts as the legislature had sought to accomplish. We cannot say that the Supreme Court does not have the constitutional power to impose such restrictions upon the trial courts. If the Supreme Court intended the word "must" as used by it in the rule to mean "may", it should be the court to enunciate such construction. We cannot say that the Supreme Court intended such result. We, therefore, hold that the trial court erred in refusing appellant's request that the jury be instructed on the penalties for the various crimes for which the jury could have returned a guilty verdict in this case.
We have considered our sister court's decision in Johnson v. State, Fla.App.(2d) 297 So.2d 35 (1974), which reached the opposite result and certified the question to the Supreme Court as a matter of great public interest. We agree that this is a question of great public interest which is causing much confusion in the trial courts.
We also consider the question of the trial judge's failure to instruct the jury on the lesser included offenses of assault and battery and bare assault to be one of great public interest in view of the Supreme Court's pronouncements in State v. Washington, Fla., 268 So.2d 901, as they may relate to the factual situation in the case sub judice and in Rafuse v. State, supra, upon which we here rely. Pursuant to § 3 of Article V of the Constitution of the State of Florida we, therefore, certify this case to the Supreme Court.
Reversed.
RAWLS, C.J., and JOHNSON, J., concur.