336 So.2d 65 (1976)
STATE of Florida, Petitioner,
v.
Gwendolyn TERRY, Respondent.
No. 46370.
Supreme Court of Florida.
February 25, 1976.
Rehearing Denial April 22, 1976.
*66 Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for petitioner.
Louis O. Frost, Jr., Public Defender, and James O. Brecher and Steven E. Rohan, Asst. Public Defenders, Jacksonville, for respondent.
SIEGENDORF, ARDEN M., Circuit Judge:
By petition for certiorari, we have for review a decision of the District Court of Appeal, First District, (Terry v. State, 302 So.2d 142). The District Court, finding two issues to be of great public interest, certified the cause to the Supreme Court pursuant to Article V, 3(b) 3, Florida Constitution.
The first issue certified concerned the trial court's refusal to instruct the jury on the applicable penalties as provided by Rule 3.390(a), F.R.Cr.P. The District Court held that it was error to refuse Respondent's request that the jury be so instructed.
Subsequent to filing of the instant proceeding, but prior to oral argument, this Court decided Johnson v. State, 308 So.2d 38 (Fla. 1975). Johnson held that Rule 3.390(a), supra, was discretionary, not mandatory, and that the trial judge was not obliged to include in his instructions the penalty for the offense charged.[1] That rule clearly applies to the case sub judice. Accordingly, we pretermit further discussion of this issue and remand same to the District Court for further proceedings consistent herewith.
The second question certified concerns the refusal of the trial court to instruct the jury as to certain lesser-included offenses. See Rule 3.510, F.R.Cr.P.
Respondent was charged by information with the crime of assault with the intent to commit murder in the first degree. The jury found Respondent guilty of aggravated assault after considering her testimony that she shot the victim with a pistol in self defense. The trial judge instructed the jury on the offenses of assault with intent to commit murder in the first degree, assault with intent to commit murder in the second degree, assault with intent to commit manslaughter, aggravated battery, and aggravated assault, but refused to instruct the jury on assault and battery, and bare assault. The District Court affirmed the trial court in this regard, holding that under the evidence presented, it was not error to refuse to so instruct the jury.
Respondent contends that under Brown v. State, 206 So.2d 377 (Fla. 1968) and its progency,[2] the failure of the trial court in the instant case to instruct the jury on assault *67 and battery, and bare assault, is reversible error.
In Brown v. State, supra, Justice Thornal presented an historical analysis of lesser-included offense situations and a definitive statement of applicable rules. Lesser-included offenses were classified into four distinct categories: 1) crimes divisible into degrees; 2) attempts to commit offenses; 3) offenses necessarily included in the offense charged; and 4) offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. Addressing himself to the third category, Justice Thornal stated that:
"This category also stems from [Fla. Stat.] § 919.16, which requires an instruction on `any offense which is necessarily included in the offense charged'. The statutory mandate here requires that the lesser offense be necessarily included in the major offense charged by the accusatory pleading. This simply means that the lesser offense must be an essential aspect of the major offense. In other words, the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence. For example, in order to prove a robbery, the state must necessarily prove a larceny as an essential element of the major offense. This is so because every robbery necessarily includes a larceny. Arnold v. State, 83 So.2d 105 (Fla. 1955). It is legally impossible to prove a robbery without also proving a larceny. In such a situation, § 919.16, requires the instruction on the lesser offense, even though the proofs might satisfy the trial judge that the more serious offense was committed. This is so because under the quoted statute it is not within his province to make this decision. Section 919.16, grants to the jury the discretion to convict of a necessarily included lesser offense, ..."
Just as it is legally impossible to prove a robbery without also proving a larceny, so too it is legally impossible to prove an assault with intent to commit murder in the first degree without also proving a bare assault. Therefore, if the trial judge in the case sub judice found sufficient evidence to instruct the jury on the major offense of assault with intent to commit murder in the first degree, he should have instructed the jury on the necessarily included lesser offense of bare assault.
Petitioner cites Rafuse v. State, 209 So.2d 260 (Fla.App. 1st 1968) for the proposition that the trial court properly declined Respondent's request that the jury be instructed on the offenses of assault and battery, and bare assault. In Rafuse, the First District Court of Appeal relied upon Tanner v. State, 197 So.2d 842 (Fla.App. 1st 1967). The rationale for Rafuse and Tanner is that a judge is not required to instruct on lesser-included offenses if he is convinced the major offense has been proven. In Hand v. State, 199 So.2d 100 (Fla. 1967), this Court specifically rejected this doctrine.
"There is authority supporting the proposition that a trial court is not in error in refusing to instruct the jury on the lesser included offense of larceny when the court is of the opinion the evidence adduced is not reasonably susceptible of inference by the jury that the articles involved were taken from the victim without force, violence, assault, or putting in fear. See, for example, Brown v. State, Fla.App., 191 So.2d 296, and Silver v. State, Fla.App., 174 So.2d 91. We do not, however, agree with this view, although it has been advanced and even prevailed in appellate decisions in our state. The giving of such instruction should not hinge upon whether the trial court believes the evidence is susceptible of inference by the jury that the defendant is guilty of the lesser offense and not of the greater offense charged. In *68 our opinion such judicial determination at trial level obviously takes a most critical evidentiary matter from the proper province of the jury and vests it improperly as a matter of law with the trial judge. Would it be, we ask hypothetically, consistent with trial fairness to allow the state to charge a person with robbery and in the event of acquittal bring him back into court for another trial on a subsequent charge of larceny which stemmed solely from the commission of the robbery offense originally charged? We answer in the negative. Such a defendant being tried for robbery should upon timely request be permitted to have an instruction on larceny, a necessarily included element of robbery both in statutory definition and in general law, given to the jury for its consideration."
Recognizing the confusion surrounding Brown and its progeny, Justice Dekle, in Gilford v. State of Florida, 313 So.2d 729 (Fla. 1975), attempted to clarify the entire subject. In a category three-type necessarily lesser-included offense, proof of the lesser-included offense inheres in the evidence of the greater offense. Where proof of the lesser offense may nor may not be included in the offense charged, as in a category four-type lesser-included offense, then the trial judge should instruct the jury on the lesser offense if the allegata and probata are present, with the one exception explained in Gilford which is inapplicable to the instant case. In other words, in a category four-tyue lesser-included offense, a judge should instruct the jury on a lesser-included offense only after making a determination that such lesser-included offense has an evidentiary basis in the accusatory pleading and the proof tendered in support thereof. As explained by Justice Thornal in Brown,
"In the first three categories, the offenses of which the defendant may be convicted can be determined from the information or indictment and the cited statutes. In category four situations the lesser offense must be comprehended by the allegations of the information and supported by the proof." 206 So.2d at 383.
Sub judice, proof of the greater offense of assault with intent to commit murder in the first degree was also proof of the necessarily included lesser offense of bare assault. Accordingly, an instruction on bare assault should have been given. However, proof of the greater offense of assault with intent to commit murder in the first degree is not always proof of assault and battery. Thus, assault and battery comes within the ambit of Brown's category four.
The crime of assault and battery requires both an assault and a battery. Since the crime which the Respondent is charged with, to-wit: assault with the intent to commit murder in the first degree, does not require proof of a battery, the offense of assault and battery is not a necessarily included lesser offense. But when, as in the case at bar, the accused is charged with not only assaulting the victim with the intent to commit murder in the first degree, but also of causing some actual physical contact with the victim, then the greater crime of assault with intent to commit murder in the first degree includes the lesser crime of assault and battery. Since the information charged the Respondent with shooting the victim, and the evidence revealed that the victim was shot with a pistol, it is apparent that the major crime for which the Respondent was charged did include the lesser offense of assault and battery. We note that the jury was instructed on both aggravated assault, and aggravated battery. Hence, the refusal of the trial court to give the requested instruction on assault and battery was error.
To summarize, the refusal of the trial court herein to instruct the jury on the category three necessarily included lesser offense of bare assault, and on the category *69 four lesser-included offense of assault and battery, was prejudicial error.
Any prior appellate decisions conflicting with the principles announced herein are expressly overruled. The decision of the District Court is quashed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
ADKINS, C.J., and ROBERTS and OVERTON, JJ., concur on the first question certified, but dissent on the second question certified.
SUNDBERG, J. and SALFI, Circuit Court Judge, dissent on the first question certified, but concur on the second question certified.
HATCHETT, J., concurs with an opinion, with which SALFI, Circuit Judge, concurs.
HATCHETT, Justice (concurring).
I concur in the judgment of the Court and subscribe to that portion of Judge Siegendorf's opinion devoted to jury instructions on lesser included offenses. As to whether the trial judge had a duty "to include in his instructions the penalty for the offense charged," ante, the decision in Johnson v. State, 308 So.2d 38 (Fla. 1974) must control if the principle of stare decisis is to be honored. I agree that the principle of stare decisis should apply to such recent precedent. Otherwise we would introduce uncertainty, instability and confusion into the law not only on this particular question but generally. In my opinion, however, the Johnson decision itself has done serious damage to the values of certainty, stability and comprehensibility in an important area of the law. I write in this case to dissociate myself from the proposition that mandatory language in court rules signifies nothing different than directory language.
This Court has the responsibility for promulgating "rules for the practice and procedure in all courts." Fla. Const. art. V, § 2(a). It thus has the constitutional power to amend a rule of procedure. In practical effect, the Court did just that with respect to Rule 3.390(a), RCrP in Johnson v. State, supra. But the means employed raise serious questions as to the viability of all other court rules. The unequivocal language of Rule 3.390(a), RCrP reads, as follows:
The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel, and must include in said charge the penalty fixed by law for the offense for which the accused is then on trial.
In Johnson v. State, supra, the Court announced that Rule 3.390(a), RCrP "is directory and not mandatory." At 40.
The reasoning in the Johnson case is subversive of the whole body of court rules.[1] With Johnson, it is now impossible for this Court to impose a mandatory, procedural requirement by court rule. The supposed distinction between mandatory language in Rule 3.390(a), RCrP and mandatory language elsewhere in the criminal rules is specious. The rationale of the Johnson decision is that language almost identical to the language of Rule 3.390(a), *70 RCrP is also found in a statute,[2] and that this statute was construed to be directory rather than mandatory, before Rule 3.390(a), RCrP was adopted. Simmons v. State, 160 Fla. 626, 36 So.2d 207 (1948). But it has been held that every statute on a procedural subject must be construed as directory,[3] and a majority of the rules of criminal procedure were formerly enacted as statutes.
Shortly after this Court adopted the first Rules of Criminal Procedure, In re Florida Rules of Criminal Procedure, 196 So.2d 124 (Fla. 1967), the chairman of the Criminal Rules Subcommittee wrote, as follows:
Actually, most of the Rules are patterned after statutes which were in existence at the time the Rules were adopted; and, in many instances the statutes were lifted verbatim and placed into the Rules. Datz, Florida's New Rules of Criminal Procedure, 42 Fla.Bar J. 285 (1968).
The State's effort to distinguish the mandatory language in Rule 3.390(a), RCrP, from all other mandatory language in the Rules of Criminal Procedure, is unconvincing, "[s]ince most were patterned after existing procedural statutes." Note, The Rulemaking Power of the Florida Supreme Court: The Twilight Zone Between Substance and Procedure, 24 U.Fla.L.Rev. 87, 90 (1971). (emphasis supplied) Listed in an appendix to this opinion are those Rules of Criminal Procedure which, according to the committee notes, are based, in whole or in part, on language originally appearing in a statute.
Furthermore, it is not clear why, in the Johnson opinion, "the matter [was] referred to the Committee on Standard *71 Criminal Jury Instructions for immediate consideration." At 40. What is the committee to consider? What can the committee do about a court which one year unanimously adopts a rule requiring that something must be done, In re Florida Rules of Criminal Procedure, 272 So.2d 65, 115 (Fla. 1973), and the next year announces that must means may for purposes of the rule? Johnson v. State, supra. Committees do not adopt rules of practice and procedure for Florida courts. This Court does. If the Court has decided that Rule 3.390(a), RCrP should be amended, so be it. But judicially created confusion of the kind generated by Johnson v. State, supra, should have no place in the jurisprudence of Florida.
SALFI, Circuit Judge, concurs.

APPENDIX

RULES OF CRIMINAL PROCEDURE ADOPTING LANGUAGE FROM STATUTES,
 ACCORDING TO ACCOMPANYING COMMITTEE NOTES
Rule 3.121 Rule 3.130 Rule 3.131
Rule 3.140 Rule 3.150 Rule 3.152
Rule 3.160 Rule 3.170 Rule 3.180
Rule 3.190 Rule 3.210 Rule 3.220
Rule 3.230 Rule 3.240 Rule 3.250
Rule 3.270 Rule 3.280 Rule 3.290
Rule 3.300 Rule 3.320 Rule 3.330
Rule 3.340 Rule 3.350 Rule 3.360
Rule 3.370 Rule 3.380 Rule 3.390
Rule 3.400 Rule 3.410 Rule 3.420
Rule 3.430 Rule 3.440 Rule 3.450
Rule 3.460 Rule 3.470 Rule 3.490
Rule 3.500 Rule 3.510 Rule 3.520
Rule 3.530 Rule 3.540 Rule 3.550
Rule 3.560 Rule 3.570 Rule 3.580
Rule 3.590 Rule 3.600 Rule 3.610
Rule 3.620 Rule 3.630 Rule 3.640
Rule 3.650 Rule 3.670 Rule 3.680
Rule 3.690 Rule 3.700 Rule 3.720
Rule 3.730 Rule 3.740 Rule 3.750
Rule 3.760 Rule 3.770 Rule 3.790
Rule 3.800 Rule 3.810 Rule 3.820
Rule 3.840

NOTES
[1] The rule decided in Johnson, supra, has been followed by this Court in Winston v. State, 308 So.2d 40 (Fla. 1975); Dorminey v. State, 314 So.2d 134 (Fla. 1975) and Lavatt v. State, 316 So.2d 261 (Fla. 1975). Also by the District Courts of Appeal in Boykin v. State, 305 So.2d 831 (Fla.App. 1st 1975); Howard v. State, 306 So.2d 153 (Fla.App. 1st 1975); McIntyre v. State, 306 So.2d 160 (Fla.App. 4th 1975); Ballard v. State, 307 So.2d 826 (Fla.App. 1st 1975); Cooper v. Wainwright, 308 So.2d 182 (Fla.App. 4th 1975); Gomez v. State, 309 So.2d 56 (Fla.App.2d 1975); Pullman v. State, 311 So.2d 753 (Fla.App. 3rd 1975); Sweet v. State, 313 So.2d 130 (Fla.App. 2nd 1975); Beamon v. State, 314 So.2d 604 (Fla.App. 3rd 1975); Wheat v. State, 315 So.2d 203 (Fla.App. 1st 1975); Roper v. State, 315 So.2d 206 (Fla.App. 1st 1975); Howard v. State, 316 So.2d 654 (Fla. App. 3rd 1975); Kelsey v. State, 317 So.2d 445 (Fla.App. 1st 1975) and Davis v. State, 319 So.2d 611 (Fla.App. 3rd 1975).
[2] E.g., Brown v. State, 245 So.2d 68 (Fla. 1971); State v. Washington, 268 So.2d 901 (Fla. 1972); State v. Anderson, 270 So.2d 353 (Fla. 1972); Rayner v. State, 273 So.2d 759 (Fla. 1973); State v. Wilson, 276 So.2d 45 (Fla. 1973).
[1] Of more than one hundred rules of criminal procedure, only thirteen are completely devoid of mandatory language ("shall" or "must"): Rule 3.050, Enlargement of Time; Rule 3.120, Committing Magistrate; Rule 3.150, Joinder of Offenses and Defendants; Rule 3.231, Substitution of Judge; Rule 3.260, Waiver of Jury Trial; Rule 3.310, Time for Challenge; Rule 3.420, Recall of Jury for Additional Instructions; Rule 3.520, Verdict in Case of Joint Defendants; Rule 3.540, When Verdict May be Rendered; Rule 3.550, Disposition of Defendant; Rule 3.580, Court May Grant New Trial; Rule 3.630, Sentence Before or After Motion Filed; Evidence At Hearing; Rule 3.650, Judgment Defined.

Aside from rules of criminal procedure, numerous other court rules employ mandatory language.
[2] Codified as Fla. Stat. § 918.10(1) (1973), the statute provides:

At the conclusion of argument of counsel, the court shall charge the jury. The charge shall be only on the law of the case and must include the penalty for the offense for which the accused is being charged.
As Fla.Laws, ch. 70-339 § 117, it was recently reenacted by unanimous vote of the House, 1970 Journal of the House 1275, and of the Senate. 1970 Journal of the Senate 907.
[3] The Court, and not the legislature, has the responsibility for adopting rules governing practice and procedure, in the first instance. Where a court rule conflicts with a statute, the latter must fall, e.g., Bernhardt v. State, 288 So.2d 490 (Fla. 1974), unless the legislature repeals the court rule "by general law enacted by two-thirds vote of the membership of each house." Fla. Const. art. V, § 2 (a). Where a statute governs a procedural matter but does not conflict with a court rule, there are two lines of cases in Florida. Under one view, mandatory language in the statute should be given mandatory effect. E.g., State v. Dixon, 283 So.2d 1 (Fla. 1973). Under the other view, mandatory language in the statute is construed to authorize, but not to require the procedure. E.g., Simmons v. State, supra; McBride v. State, 197 So.2d 850 (Fla.App.1st Dist. 1967). In Simmons v. State, supra, at 208, this Court said:

The preservation of the inherent powers of the three branches of government  legislative, executive, and judicial  free from encroachment or infringement by one upon the other, is essential to the safekeeping of the American system of constitutional rule. This statement is found (11 Am.Jur., p. 908):
Any legislation that hampers judicial action or interferes with the discharge of judicial functions is unconstitutional.
Quoting language from Becker v. Lebanon & M. St. R. Co., 188 Pa. 484, 41 A. 612 (1898), the Court said further, at 209:
The word "shall" when used by the Legislature to prescribe the action of a court is usually a grant of authority, and means "may," and even if it be intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power.
It is a rule of statutory construction that an interpretation will be adopted which will avoid objectionable consequences. 50 Am.Jur., p. 372 et seq.
The provision of the statute in question must be interpreted as being merely directory, and not mandatory. It follows that the trial judge was privileged to ignore the statute in so far as it attempts to require the inclusion in the charge of the penalty for the offense for which the defendant was on trial.
It is one thing for the trial judge to be "privileged to ignore" a statute purporting to regulate procedure, but it is quite a different thing for the trial judge to be "privileged to ignore" a rule of criminal procedure adopted by this Court. See Wills, Criminal Law Survey, 140 Miami L.Rev. 521, 529 (1960).