McCORD, Judge.
This is an appeal from a judgment adjudicating appellant a delinquent child by reason of the fact that he committed an assault and battery.
Appellant contends that he was not properly adjudicated a delinquent child because assault and battery was not a lesser included offense of the offense with which he was charged. The affidavit, the accusatory pleading in the case, charged appellant with being a delinquent child in that “he is alleged to have committed the offense of aggravated assault.” When we consider the most recent pronouncement of the Supreme Court in State v. Terry, Fla., 336 So.2d 65, opinion filed February 25, 1976, on the matter of lesser included offenses, it is apparent that the crime of assault and battery is a lesser included offense on a charge of aggravated assault falls under Category 4 of Brown v. State, Fla., 206 So.2d 377 (1968) — offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. Here, although the evidence fully supports battery, the charge does not. It only charges assault. Thus, the judgment as written cannot stand as the adjudication of delinquency was for a crime not included in the accusatory pleading. Since, however, the trial judge did find appellant guilty of assault and battery, and bare assault is a lesser included offense of aggravated assault, we remand to the trial court with directions to modify the judgment of delinquency to base it upon bare assault rather than assault and battery. We consider such procedure to be proper in the light of the established analogous procedure of directing the entry of a judgment of conviction for petit larceny upon quashal of a judgment of conviction for grand larceny when the evidence does not establish a value of more than $100 for the property taken. See Negron v. State, Fla., 306 So.2d 104 (1975).
Reversed and remanded.
RAWLS, Acting C. J., and SMITH, J., concur.