343 So.2d 856 (1976)
Reginald F. HAMMER, Appellant,
v.
STATE of Florida, Appellee.
No. BB-57.
District Court of Appeal of Florida, First District.
December 9, 1976.
Richard W. Ervin, III, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Charles W. Musgrove, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
The ghost of Hand[1] and Brown[2] continues to hover above the trial bench as to its responsibility to give requested instructions on lesser included offenses in a criminal trial.
*857 Appellant Hammer was charged by an indictment of committing the crime of robbery. The trial court instructed the jury on robbery and on the lesser offense of attempted robbery and, in so instructing, advised the jury that it could bring in one of three verdicts: 1) not guilty, 2) guilty of robbery, or 3) guilty of attempted robbery. Hammer's trial counsel specifically requested the trial court to instruct the jury on the lesser included offense of assault with intent to commit robbery, aggravated assault, and petit larceny, upon the theory that such offenses are within the dictates of the Supreme Court's Brown decision.
In rejecting the foregoing request, the trial court observed:
"... I find it difficult to believe that a jury could logically and legitimately determine that assault with intent to commit the crime, aggravated assault or petit larceny could in this instance, in view of the proof shown, be considered lesser offenses.
.....
Now it is the interpretation of this Court of the Brown Decisions and the Anderson Decisions that the Court, of the Supreme Court of Florida, in the Gilford Case expressly overruled those portions of those decisions wherein the Court was mandated to charge on all lesser included offenses, and left it to the point wherein only when there was proof submitted that would enable the jury to determine guilt of a lesser offense should the Court charge on it." (emphasis supplied)[3]
The views espoused by the trial judge coincided with this court's pronouncements in Silver v. State,[4]Johnson v. State,[5]Hand v. State,[6] and Brown v. State.[7] However, in reviewing this court's decision in Hand,[8] the Supreme Court, after observing that as a matter of law every robbery necessarily includes the crime of larceny, concluded that the trial court was obligated to give the requested charge on larceny. And in an obvious effort to resolve this question, the Supreme Court held: "Any prior appellate decisions conflicting with the principle announced herein are overruled."
In reviewing our decision in Brown, Mr. Justice Thornal, speaking for the Supreme Court, set forth explicit guidelines for the bench and bar as to the giving of instructions upon lesser included offenses. One example given in Brown was that in order to prove a robbery the state must necessarily prove a larceny as an essential element of the major offense.[9]
The trial court expressly found that Gilford, supra, overruled those portions of the Supreme Court's decisions in Brown and Anderson mandating a charge on all lesser included offenses. At first blush, the trial court's reading of Gilford was correct for there the court stated:
"... The notion of having to charge the jury on something on which there is no proof makes a mockery of the trial, *858 and of the result which will occur if a new trial  or dismissal  would necessarily follow where the verdict finds no support in the record."
However, as Justice Dekle pointedly observed and reiterated, Gilford involved a category (4) situation as defined by Justice Thornal in Brown. Also, Gilford reaffirmed Brown in every respect, seeking "in a hopeful effort to clarify further and to `place at rest' the milestone case of Brown v. State, supra, and to forestall the seemingly endless attempts to erode and confuse Brown and its progeny."
But, as illustrated here, and in the recent opinion of the Supreme Court in State v. Terry[10] which the court reviewed upon our certification that the issues presented a question to be of great public interest, the body of the Brown decision refuses to be "placed at rest." Terry was charged with the crime of assault with intent to commit murder in the first degree. The trial court failed to instruct the jury on the lesser included offenses of assault and battery and bare assault. Terry was convicted of aggravated assault. On appeal,[11] this court, after observing that Terry shot the victim with a pistol and interposed a plea of self defense, held that the trial court did not err in refusing to instruct the jury on the lesser included offenses of assault and battery and bare assault. In an opinion authored by Circuit Judge Siegendorf, the Supreme Court, in holding: "Just as it is legally impossible to prove a robbery without also proving a larceny, so too it is legally impossible to prove an assault with intent to commit murder in the first degree without also proving a bare assault.", concluded that if sufficient evidence was adduced upon which to instruct the jury on the major offense of assault with intent to commit murder in the first degree, the trial judge should have instructed the jury on the necessarily included offense of bare assault. The Terry court further held that since the accusatory pleading charged the defendant with shooting the victim and the evidence revealed that the victim was shot, it was apparent that the major crime for which the defendant was charged did include the lesser offense of assault and battery (a category (4) situation) and held that the refusal to so charge was reversible error.[12]
As stated by Justice Adkins in State v. Anderson, supra: "The criminal law of this State regarding lesser included offenses has been the subject of much judicial uncertainty, resulting in vague appellate opinions reaching different conclusions on identical facts."
We opt for the views expressed many times by this court which may be summarized, as expressed by Justice Dekle in Gilford, as: "No evidence; no jury charge." However, we are bound by the latest decisions of the highest court which mandate the reversal of the instant case.
Appellant Hammer was charged with robbery. It is legally impossible to prove a robbery without also proving a larceny. The evidence is undisputed that not more than $80.00 was stolen. The trial court should have given Hammer's requested instruction on petit larceny, a necessarily included offense as defined in Brown's category (3). The indictment charged Hammer with "by force, violence, assault or putting in fear, rob or steal", and the evidence reflected that Hammer pointed a .22 caliber sawed-off rifle and a .25 caliber pistol at the victim in perpetrating the robbery. The trial court, pursuant to the dictates of Brown's category (4) and the Supreme Court's opinion in State v. Terry, should have given the requested aggravated assault instruction to the jury.
Upon the authority of the Supreme Court's decisions in Brown v. State, supra, *859 and State v. Terry, supra, we reverse for a new trial.
MILLS and SMITH, JJ., concur.
NOTES
[1] Hand v. State, 199 So.2d 100 (Fla. 1967).
[2] Brown v. State, 206 So.2d 377 (Fla. 1968).
[3] Brown v. State, supra; State v. Anderson, 270 So.2d 353 (Fla. 1972); and Gilford v. State, 313 So.2d 729 (Fla. 1975).
[4] Silver v. State, 174 So.2d 91 (1 Fla.App. 1965).
[5] Johnson v. State, 173 So.2d 487 (1 Fla.App. 1965).
[6] Hand v. State, 188 So.2d 364 (1 Fla.App. 1966).
[7] Brown v. State, 191 So.2d 296 (1 Fla.App. 1966). See also Rafuse v. State, 209 So.2d 260 (1 Fla.App. 1968), cert. den. 214 So.2d 626 (Fla.); and Terry v. State, 302 So.2d 142 (1 Fla.App. 1974).
[8] Defendant Hand was charged with robbery. The trial court refused to instruct on the lesser included offense of larceny. This court found that the evidence was not susceptible of the inference by the jury that the larceny was accomplished without force.
[9] Thus, the Supreme Court brought the larceny instruction within the mandatory category (3), holding in Brown, viz.:

"(3) Necessarily included offenses should always be covered by an instruction, even though the trial judge is satisfied that the major crime charged has also been proved. If the evidence is sufficient to go to the jury on the major crime then the necessarily included offense instruction should be given."
[10] State v. Terry, 336 So.2d 65 (Fla. 1976).
[11] Terry v. State, 302 So.2d 142 (1 Fla.App. 1974).
[12] The state points out that two justices and two circuit judges reverted to the Supreme Court's Brown decision, while three justices dissented. It then opines the view that "there is a substantial likelihood that Gilford, not Terry, will be the last word on this subject, since the State need only convince one of the two justices of unknown persuasion to prevail."