J. F. PREVATT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 19, 1921.

1. Where no proper predicate has been laid, it is not error to exclude a question whether the witness had "ever heard anything said against the defendant's reputation in the community," or "anything wrong said of him as a peaceable and law-abiding citizen and for truth and veracity."

2. A charge that "under the laws of this State the defendant has the right to take the stand and testify in his own behalf, and such testimony goes to you the same as the testimony of any other witness in the case, to be weighed and considered according to the same rules," is not so worded as to prejudice the defendant before the jury.

3. In a trial on an indictment for murder in the first degree, it is not error to give the statutory definition of murder in the third degree, since all degrees of unlawful homicide are included in an indictment for murder in the first degree, and under the statute a verdict of murder in the third degree may be sustained if the evidence would sustain a verdict of murder in the first or second degree; even though the evidence does not show murder in the third degree as defined by the statute.

4. It is not essential to the validity of a judgment of conviction in felony cases, that the *record* should show affirmatively that the defendant was personally present at the hearing of and the ruling upon his motion for a new trial.

5. There is evidence to sustain a verdict of murder in the second degree, therefore, under the statute, the verdict of murder in the third degree will not be disturbed.

A Writ of Error to the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Affirmed.

*C. D. Abbott,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WHITFIELD, J.—On an indictment for murder in the first degree J. F. Prevatt was convicted of murder in the third degree and took writ of error.

At the trial several witnesses for the defendant testified that they knew the general reputation of the defendant in the community where he resides being a peaceable and law abiding citizen and for truth and veracity, and that it

was good. Other witnesses for the defendant testified that they had known the defendant for several years. They were not asked if they knew the general reputation of the defendant as a law abiding truthful·citizen, but were asked: ''Q. Have you heard anything wrong said of him during that time, as a peaceable and law abiding citizen and for truth and veracity?''; or ''Q. Have you ever heard anything said against his reputation in the community?'' Objections on the ground that a proper predicate for the question had not been laid, were sustained. A proper predicate not having been laid, there was no eror in these rulings and the prinicples announced in Hinson v. State, 59 Fla. 20, 62 South. Rep. 194, were not violated.

The Court charged the jury that ''under the laws of this State the defendant has the right to take the stand and testify in his own behalf, and such testimony goes to you the same as the testimony of any other witness in the case, to be weighed and considered according to the same rules.''

This charge was not improper since the statute authorized the defendant at his option to become a witness in his own behalf; and the charge was not so worded as to prejudice the defendant before the jury.

In a trial on an indictment for murder in the first degree, it is not error to give the statutory definition of murder in the third degree, since all degrees of unlawful homicide are included in an indictment for murder in the first degree, and under the statute a verdict·of murder in the third degree may be sustained if the evidence would sustain a verdict of murder in the first or second degree, even though the evidence does not show murder in the third degree as defined by the statute.

It is not essential to the validity of a judgment of con-

viction in felony cases, that the *record* should show affirmatively that the defendant was personally present at the hearing of and the ruling upon his motion for a new trial. Williams vs. State, 42 Fla. 210, 27 South. Rep. 869.

There is evidence to sustain a verdict of murder in the second degree, therefore, under the statute, the verdict of murder in the third degree will not be disturbed.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.