204 So.2d 359 (1967)
John Philemon LUKE, II, Appellant,
v.
STATE of Florida, Appellee.
John Francis HENRY, a/k/a Chico, Appellant,
v.
STATE of Florida, Appellee.
Hubert Ray STIDHAM, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1046-1048.
District Court of Appeal of Florida. Fourth District.
November 14, 1967.
Rehearings Denied December 13, 1967.
*360 Garlon Davis and J. Luther Drew, of Ives & Davis, West Palm Beach, for appellant Luke.
Steadman S. Stahl, Jr., of Varon, Stahl & Perlin, Hollywood, for appellants Henry and Stidham.
Earl Faircloth, Atty. Gen., Tallahassee, Charles W. Musgrove and James T. Carlisle, Asst. Attys. Gen., Vero Beach, for appellee.
*361 BEASLEY, THOMAS D., Associate Judge.
The appellants, together with one James Purkhiser, were indicted by a grand jury for Broward County, Florida, charging them with murder in the first degree in the killing of Catalina Flores; change of venue was granted and the cause transferred to St. Lucie County, Ninth Judicial Circuit of Florida; by an order of severance James Purkhiser was tried separately and convicted of murder in the first degree without recommendation of mercy.
The appellants were tried jointly. The court below directed a verdict of not guilty as to murder in the first degree and submitted the case to the jury on the lesser degrees of unlawful homicide, to-wit: murder in the second degree, murder in the third degree, and manslaughter, and charged the jury as to each offense by following the statutory words defining each such degree of unlawful homicide.
In the course of the trial the state was allowed to question a witness as to whether or not Appellant-Stidham had made certain statements following the events involved to the effect that if he had to return to Raiford there would be some funerals or a funeral before he went; Stidham testified that he had never been in Raiford or under sentence to Raiford; his motion for mistrial because of the question by the state and the answer was denied.
The Appellants-Luke and Henry did not testify, and the prosecuting attorney in his argument made this statement:
"Gentlemen, these are the last words that I will say. This isn't bargain day, as it has been described facetiously by counsel. What happened that night was not a lark, as has been described by other counsel. There are never going to be any brass bands for Catalina Flores Day. Just today. And she can't be here to ask Stidham, why did you take a gun up there, and she can't be here to ask the defendant Henry, why did you drive the truck up to my home and why did you bring an ax up on the porch of my home with a man that had the gun. She can't ask those questions. She will never be able to. But, this is the day that I ask the questions for her. As to the defendant Luke, why did you, a stranger, come up on the porch of my home with a man that had the gun that killed me. And as to the defendant Stidham, why did you drive the truck away? Because these are the questions that are rightfully asked of these three defendants, and I asked them that because, if there is any day for this child as to these three defendants, this is it. * * * The child had every right to ask why didn't you turn back defendant Henry, why didn't you turn back? But he didn't, and that is the main road of this case. * * *"
The jury returned verdicts against each appellant of guilty of murder in the third degree, upon which each was adjudged guilty and each was sentenced to serve a term of ten years in the state prison. After denial of post-trial motions each appellant perfected his appeal to this court, with the appeals being consolidated by order of this court.
The appellants seek reversal of their convictions because of (a) the remarks made by the prosecuting attorney as set forth above as to Luke and Henry, (b) insufficiency of the evidence, and (c) insufficiency of the court's charge to the jury with reference to murder in the second degree and murder in the third degree. The Appellant-Stidham seeks reversal on the additional ground that the court below erred in denying his motion for a mistrial.
The question as to the challenged remarks by the prosecutor can be summarily disposed of. We are not unmindful of the strict application of the prohibition against comment on a defendant's failure to take the witness stand, and we have given careful consideration to the authorities cited and the summary of decisions in Singleton v. *362 State, Fla.App. 1966, 183 So.2d 245; however, we conclude that the complained of statement, as set forth above, was within the orbit of proper argument and cannot be construed as a comment on the failure of the appellants to testify.
Appellant-Stidham's attack on the refusal of the court below to grant his motion for a mistrial can also be summarily disposed of. If allowing the prosecution to question a witness as to statements made by Stidham concerning his returning to Raiford was error, which we do not hold, it was rendered harmless by Stidham's testimony that he had never been to Raiford or sentenced to serve a term there.
The other grounds upon which reversal is sought cannot be disposed of summarily or without a review of the facts testified to and which the jury had a right to believe, which we now summarize.
On December 5, 1965, Purkhiser engaged in a fight with one Miguel Rivera which did not end satisfactorily so far as Purkhiser was concerned, since apparently Rivera at the time had more cohorts in attendance; later on Purkhiser at LaBella's Bar gathered his own cohorts, including appellants, to accompany him as he sought out Rivera to continue the altercation; Purkhiser and his legions proceeded in a panel truck, with the search for Rivera gathering additional strength and armament as they progressed, and arrived at the home of Tito Flores (which they thought to be the home of Rivera) armed with a pistol, a tire iron, an ax, a baseball bat, and a billy; Purkhiser and the appellants got out of the truck, Purkhiser armed with a pistol and Henry armed with an ax; Purkhiser went to the door of the house, Stidham to a window, and Henry (with his ax) and Luke stationed themselves near Purkhiser. The door was opened by one Navarro and after some conversation between Purkhiser and Navarro in which Navarro stated he did not know Purkhiser, Tito Flores came to the door and asked what was happening, to which Purkhiser replied "Hold it" and fired the gun twice, hitting Catalina Flores, an 11-year-old girl, from which wound or wounds she died.
As in all cases, the testimony was in conflict, but the jury is charged with reconciling the conflicts, and the foregoing summation covers facts which the jury were entitled to believe.
If the evidence was sufficient to have sustained a conviction of murder in the second degree, the appellants cannot be heard to complain because they were convicted of a lesser degree of unlawful homicide, even though there is no evidence to support such lesser degree (Prevatt v. State, 1921, 82 Fla. 284, 89 So. 807; Johnson v. State, 1908, 55 Fla. 41, 46 So. 174; Clemmons v. State, 1901, 43 Fla. 200, 30 So. 699; Parrish v. State, Fla.App. 1957, 97 So.2d 356; Jimenez v. State, 1947, 158 Fla. 719, 30 So.2d 292).
It becomes necessary to determine whether or not the evidence was sufficient to sustain a conviction of murder in the second degree, which is, of course, the unlawful killing of another when perpetrated by an act imminently dangerous to another, evincing a depraved mind regardless of human life but without any premeditated design to effect the death of any particular individual. (F.S.A. § 782.04.) The phrase "evincing a depraved mind regardless of human life," as used in the statute describing murder in the second degree, conveys the ordinarily understood meaning of ill will, hatred, spite and evil intent.
One can hardly conceive of an act more fraught with danger than becoming bodyguard for one whose announced intention is to engage in a fight and proceeding as a part of a mobile armed unit to a home where the armed aggressor kills a human being; this same action vividly portrays depravity of mind.
It is argued by appellants that there is no evidence that they took any action at the scene and that therefore they did not in any way aid and abet Purkhiser; aiding *363 and abetting does not of necessity require simultaneous and affirmative action. It seems obvious that when three people accompany a fourth who had announced himself to be the aggressor in a planned attack, the aggressor being armed with a pistol, and one of the three inspects the premises through a window, and one stands with an axe near the armed aggressor while the third stands by or near to the axe man, they had no other purpose than to aid and abet the fourth in an action imminently dangerous and evincing a depraved mind. These acts were sufficient for a jury to conclude that an inherent deficiency of moral sense and rectitude existed.
Since we find the evidence sufficient to sustain a conviction of murder in the second degree, and the appellants having been convicted of murder in the third degree, it is not necessary and would serve no useful purpose to consider the evidence as it relates to murder in the third degree.
The appellants have questioned the sufficiency of the charge to the jury covering the law on second degree murder and third degree murder. It is agreed that the charge of the court followed the statutory words defining the degrees of unlawful homicide and that the appellants did not object to the charge and did not request any more detailed charge than was given.
It seems settled that where the law involved is set forth in a statute it is usual, proper and sufficient to charge the offense itself and to charge the jury in the language of such statute (16 Fla.Jur., Homicide, § 160; 41 C.J.S. Homicide § 354); since this is the usual, sufficient and proper manner in which to charge the jury, the appellants, if they deemed the charge insufficient, should have requested additional charges and objected to the charge as given. The fact that modern society tends to bring forth a new order of young men who have little respect for either the person of others or the sanctity of home does not alter the conclusion that the charge of the court in the case sub judice, in the language of the statute, was sufficient. Cook v. State, 1903, 46 Fla. 20, 35 So. 665.
No error having been found, each of the judgments of conviction is affirmed.
WALDEN, C.J., and McCAIN, J., concur.