PER CURIAM.
The defendant appeals a conviction of assault with intent to commit rape. The case was tried before the court without a jury. The appellant argues insufficiency of the evidence.
The testimony of the victim, which the court as the trier of the facts was entitled to believe and accept, constituted adequate competent substantial evidence to support the judgment, notwithstanding the testimony of the defendant was in conflict therewith. See State v. Sebastian, Fla.1965, 171 So.2d 893. Moreover, the evidence included a showing of circumstances and other testimony tending to corroborate and support the victim’s testimony as to the incident.
The further contentions submitted by the appellant have been considered and found to be without merit. Absence of the defendant from the hearing on a motion filed in his behalf for a new trial does not furnish basis for disturbing the judgment. There is no stated requirement in the law that the defendant must be present at a hearing on a motion for new trial. See 3.-180 CrPR, 33 F.S.A. The failure of a record to show that a defendant was present at such hearing is not of material consequence. Prevatt v. State, 82 Fla. 284, 89 So. 807. The record here does not reveal any motion or application of the defendant to be present at such hearing, nor does the record show whether or not the defendant was present, and there is no transcript of the proceedings on the hearing on the motion for new trial.
Appellant further contends the court erred by failing to give due effect to *911 his claim or suggestion of newly discovered evidence. After the adjudication of guilt, and prior to hearing on motion for new trial, by a letter addressed to the trial judge, the defendant stated there were witnesses who if called would have been able to give testimony favorable to the defendant. We agree with the position of the state thereon, that such did not constitute newly discovered evidence. There was no showing that the existence of such witnesses was not known to the defendant prior to the trial.
No reversible error having been shown, the judgment is affirmed.