MELVIN, Judge.
Appellant-defendant was charged with the offense of robbery while carrying a firearm and found guilty of such charge by a jury.
Appellant urges reversal and presents two points, viz: 1) alleged incompetency of trial counsel, and 2) failure of the trial court, in absence of request or objection, to charge the jury as to lesser included offenses. We dispose of these contentions in the order presented.
There were no objections presented to the trial court as to the newly found alleged incompetence of counsel. The matter cannot surface for the first time on appeal. State v. Barber, 301 So.2d 7 (Fla.1974); and Arline v. State, 303 So.2d 37 (Fla. 1st DCA 1974).
As to claimed error for failure to charge the jury on lesser included offenses, here presented for the first time, it is well established that the trial court is under the duty to charge the jury on the law of the ease, and it is error for the court to fail to do so. However, appellant also has a responsibility, in person or through his counsel, to address appropriate requests or objections to the court as to any omission. No such request was made of the trial court; neither was any objection presented as to such failure. See Florida Rule of Criminal Procedure 3.390(d); Fla.App.Rules 6.7(g) and 6.16(a); Williams v. State, 285 So.2d 13 (Fla.1973); and McCaskill v. State, 344 So.2d 1276 (Fla.1977).
Appellant is content to rest heavily on Hammer v. State, 343 So.2d 856 (Fla. 1st DCA 1976); Brown v. State, 206 So.2d 377 (Fla.1968); Lomax v. State, 345 So.2d 719 (Fla.1977); and State v. Terry, 336 So.2d 65 (Fla.1976). Also in this line of cases, we refer to the opinion of this court in Carver v. State, 344 So.2d 1328 (Fla. 1st DCA 1977). Such contentment must be short-lived for these cases basically turned upon the refusal of the trial court to give a requested instruction, or to favorably consider an objection to the court’s failure to give an instruction on lesser included offenses.
In McCaskill v. State, supra, appellants directly appealed to the Florida Supreme Court their convictions of attempted robbery, robbery and felony murder in the first degree and sentences of death. One of their contentions was that the trial court committed fundamental error by failing to instruct the jury on lesser included offenses of attempt. In disposing of this point, the court stated:
“. . . Considering the instructions as a whole, there was no fundamental error and the jury was properly advised of the applicable law. We note that there were no objections to the instructions either at the instruction conference or after they were presented to the jury. See Florida Rule of Criminal Procedure 3.390(d); Williams v. State, 285 So.2d 13 (Fla.1973).”
In the instant case, the appellant not only failed to request the instructions now desired, or to object to the failure of the court on its own motion to give such instructions, or to the form and content of the three proposed verdicts, viz: 1) not guilty, 2) guilty of robbery, and 3) guilty of robbery while carrying a firearm, but announced that he had no objections when the court inquired.
In McCaskill, the robbery resulted in a vicious murder, a situation from which the victim may never be released on a technicality. Here, the victims of the robbery, while at all crucial times being separated from eternity only by a trembling trigger finger, were spared such last sacrifice.
We must here observe that while rules of procedure are designed to protect the unjust as well as the just, they likewise are designed to afford appropriate protection to society.
Appellant, having failed to demonstrate reversible error, the judgment appealed is
AFFIRMED.
SMITH, Acting C. J., and ERVIN, J., concur.