PER CURIAM.
William Taylor, Jr. appeals his conviction and sentence for aggravated battery. We affirm the conviction, but remand for correction of the sentence.
*74 In addition to imposing a prison sentence, the trial court ordered that $67 in court costs, $1275 in court-appointed attorney’s fees, and restitution to the victim be paid within five years or as a condition of parole. The Florida Parole and Probation Commission has the authority to determine whether and under what conditions parole will be granted. Wright v. State, 342 So.2d 565 (Fla. 1st DCA 1977). While the trial court may make recommendations concerning parole, it may not impose conditions of parole. Owens v. State, 308 So.2d 171 (Fla. 1st DCA 1975); Tindell v. State, 423 So.2d 635 (Fla. 2d DCA 1982).
The trial court did not commit reversible error in failing to instruct the jury on lesser included offenses to the aggravated battery charge where the record reflects neither a request for such instruction nor an objection to the trial court’s failure to give such an instruction. Bennett v. State, 350 So.2d 556 (Fla. 1st DCA 1977).
Accordingly, we affirm appellant’s conviction but remand for correction of his sentence.
OTT, C.J., and BOARDMAN and DAN-AHY, JJ., concur.