427 So.2d 820 (1983)
Ronald Lee MONK, Appellant,
v.
STATE of Florida, Appellee.
No. 82-857.
District Court of Appeal of Florida, Second District.
March 9, 1983.
Jerry Hill, Public Defender, and L.S. Alperstein, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Ronald Lee Monk appeals the portions of his sentence requiring him to pay $2 in court costs pursuant to section 943.25(4), Florida Statutes (1981); $1 pursuant to section 943.25(8); $10 to the Crimes Compensation Trust Fund; and $487 in additional court costs. Since the trial court adjudged appellant insolvent, the assessment of these court costs was improper. Cox v. State, 334 So.2d 568 (Fla. 1976); Brown v. State, 427 So.2d 271 (Fla. 2d DCA 1983).
*821 We also note that appellant was ordered to pay an $800 lien for court appointed counsel as a condition of parole. Although a trial court is not precluded from recommending conditions of parole, Owens v. State, 308 So.2d 171 (Fla. 1st DCA 1975), the Parole and Probation Commission is solely vested with the power to establish conditions of parole. § 947.13(1)(b); Alexander v. State, 425 So.2d 1197 (Fla. 2d DCA 1983); see also McRae v. State, 383 So.2d 289 (Fla. 2d DCA 1980). Since the trial court acted without authority to impose a condition of parole, the failure to object is of no consequence. See Lawson v. State, 400 So.2d 1053 (Fla. 2d DCA 1981); Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
Accordingly, the portions of appellant's sentence assessing costs and purporting to create a condition of parole are stricken, but the judgment and sentence are otherwise affirmed.
GRIMES and DANAHY, JJ., concur.