429 So.2d 811 (1983)
Calvin Marcel HUNT, Jr., a/K/a Carl James, Jr., a/K/a Aaron Moore, Appellant,
v.
STATE of Florida, Appellee.
No. 82-316.
District Court of Appeal of Florida, Second District.
April 13, 1983.
*812 Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Calvin Marcel Hunt, Jr. had been charged by information with second degree murder and possession of a firearm by a convicted felon. A motion to sever the offenses was granted. On this appeal, Hunt challenges his conviction and sentence for second degree murder. Hunt asserts as error the admission into evidence, over the objection by defense counsel, of hearsay testimony. We agree and reverse.
Prior to trial, a motion in limine was filed by defense counsel seeking to exclude, inter alia, testimony that the deceased had stated she was afraid of Hunt, and testimony referring to prior arguments between the deceased and Hunt. The trial court granted the motion but indicated that the testimony about the deceased's fear of Hunt might be allowed in rebuttal. Also, evidence of prior arguments might be admissible if the state could establish a "common thread" with the alleged crime.
At trial, during its case-in-chief, the state proffered testimony concerning statements by the deceased about her fear of Hunt. The court excluded the testimony but again indicated that the state could present the evidence in rebuttal if the defense presented witnesses to show that the shooting was an accident.
Hunt took the stand in his own behalf and testified that he accidentally shot the deceased. Following Hunt's testimony, the state sought to present several witnesses to rebut Hunt's claim of accident and to testify about the deceased's fear of Hunt. Defense counsel argued that such testimony would be irrelevant and prejudicial in that it would tend to show that Hunt was a bad person. The court ruled that the witnesses would be allowed to testify as rebuttal witnesses. After one of the witnesses did testify, counsel entered a continuing objection to the rebuttal testimony asserting that the testimony was irrelevant, prejudicial and hearsay. Defense counsel also moved for a mistrial. The trial court noted the objection but allowed the witnesses to testify about statements made by the deceased and Hunt's treatment of the deceased.
The jury entered a verdict finding Hunt guilty of second degree murder. Hunt then pleaded guilty to the charge of possession of a firearm by a convicted felon. The court entered its judgment in accordance with the jury verdict and, for the firearm charge, in accordance with the plea of guilty. On the conviction of second degree murder, the court sentenced Hunt to life imprisonment with a three-year mandatory minimum. On the guilty plea for the *813 firearm charge, Hunt was sentenced to ten years imprisonment to run concurrent with the sentence for second degree murder.[1]
The testimony of several of the rebuttal witnesses was that the deceased had told each of them she feared Hunt; she also told them the reasons why she feared him.
The statements of the deceased, as related by the witnesses, were hearsay. Section 90.801, Florida Statutes (1981). In the absence of an applicable exception, hearsay evidence is inadmissible. Section 90.802, Florida Statutes (1981).
On appeal, the state has argued that the rebuttal testimony was properly admitted into evidence to show Hunt's reputation, as to character, in the community. Section 90.803(21), Florida Statutes (1981). The record nowhere reflects that the testimony was proper reputation testimony. There was no predicate laid for such testimony. Prevatt v. State, 82 Fla. 284, 89 So. 807 (Fla. 1921); Hinson v. State, 59 Fla. 20, 52 So. 194 (Fla. 1910).
The state's argument that the probative value of the testimony outweighs any prejudice must also fail. Probative value is not the test; the test is simply whether a hearsay exception is applicable. Section 90.802, Florida Statutes (1981). See Rose v. Peters, 82 So.2d 585 (Fla. 1955).
Hunt has asserted that the state of mind exception to the hearsay rule is the only exception which could conceivably apply to allow the testimony into evidence. Section 90.803(3), Florida Statutes (1981). He has argued that even this exception will not apply as first, the deceased declarant's state of mind was not at issue, and second, the deceased's statements cannot be used to prove Hunt's state of mind. This is a correct statement of the law. See Bailey v. State, 419 So.2d 721 (Fla. 1st DCA 1982); Kennedy v. State, 385 So.2d 1020 (Fla. 5th DCA 1980); Van Zant v. State, 372 So.2d 502 (Fla. 1st DCA 1980).
A murder victim's purported statements to a third party, prior to the fatal incident, that a defendant intended to kill the victim in the future, are generally inadmissible hearsay. Such statements may be admissible, if they are not highly prejudicial, where the defendant claimed self-defense, the victim's suicide, or that the victim accidentally killed himself. United States v. Brown, 490 F.2d 758, 767 (D.C. Cir.1973), quoted in Kennedy v. State, supra at 1021. In the present case, none of these situations apply.
The deceased's state of mind was not placed in issue by Hunt's claim that he had accidentally shot the deceased. The admission into evidence of the testimony dealing with the deceased's fear of Hunt was erroneous. Under the circumstances of this case, where Hunt claimed that the deceased was accidentally shot, the improper admission into evidence of the hearsay testimony cannot be said to have been harmless error.
We therefore REVERSE and REMAND this case for a new trial.
GRIMES, A.C.J., and SCHEB, J., concur.
NOTES
[1] We note that Hunt was also ordered to pay $1,000.00 for court-appointed counsel as condition of any parole. This is improper. While a trial court may recommend conditions of parole, it may not impose conditions of parole. Monk v. State, 427 So.2d 820 (Fla. 2d DCA 1983); Taylor v. State, 426 So.2d 73 (Fla. 2d DCA 1983); Tindell v. State, 423 So.2d 635 (Fla. 2d DCA 1982).