RYDER, Judge.
Pamela Lee was convicted and sentenced for second dégree murder and robbery. Lee’s contention that her motion to suppress was improperly denied is without merit. Likewise, there is no merit to her contention that the trial court improperly imposed adult sanctions.
The trial court did err, however, in imposing a three-year minimum mandatory sentence for each crime. There was no evidence presented that Lee actually possessed the firearm used in perpetrating the crimes. A three-year minimum mandatory sentence cannot be imposed for vicarious possession of a firearm. Earnest v. State, 351 So.2d 957 (Fla.1977); Brown v. State, 397 So.2d 320 (Fla. 2d DCA 1981). Cf. Bradley v. State, 413 So.2d 1248 (Fla. 1st DCA 1982). The three-year minimum mandatory sentence for each conviction must be stricken.
Lee had been adjudged insolvent for purposes of appointing trial counsel and appellate counsel. There is no evidence in the record that Lee is able to pay court costs. Therefore, the imposition of $80.00 in court costs was improper. Tindell v. State, 423 So.2d 635 (Fla. 2d DCA 1982); Brown v. State, 407 So.2d 290 (Fla. 2d DCA 1981). The court costs must be stricken.
We also note that Lee was ordered to pay a lien in the amount of $1,400.00 for court-appointed counsel as condition of any parole. While the trial court may make recommendations concerning parole, it may not impose conditions to parole. Monk v. State, 427 So.2d 820 (Fla. 2d DCA 1983); Tindell v. State, supra. The condition of parole must be stricken or the sentence amended to reflect that payment of the lien for court-appointed counsel is recommended as a condition of parole.
We therefore AFFIRM Lee’s convictions but REMAND for correction of the sentence.
GRIMES, A.C.J., and DANAHY, J., concur.