PER CURIAM.
After entering a plea of nolo contendere to vehicular manslaughter, appellant was adjudicated a youthful offender and sentenced to five years in the state prison, but after serving three years, appellant was to be placed on probation for the remaining two years. Subsequently, appellant violated his probation, which was then revoked. He sought to be sentenced as a youthful offender pursuant to Section 958.05, Florida Statutes (1979) but the court declined, sentencing him to five years in prison with credit for time served with the proviso that should appellant be paroled he not return to Suwannee County, Florida.
We agree with appellant’s contention that the trial court erred in refusing to *1012 sentence him again as a youthful offender. Ellis v. State, 436 So.2d 342 (Fla. 1st DCA 1983), opinion filed August 12, 1983 [8 FLW 2056], petition for review docketed, Case No. 64,146 (Fla. August 23, 1983). The state agrees with the appellant that the portion of the judgment and sentence directing that appellant may not return to Suwannee County if he is paroled should be stricken. See, Lee v. State, 429 So.2d 813 (Fla. 2nd DCA 1983).
Accordingly, the judgment and sentence is REVERSED and REMANDED for re-sentencing in accordance with this opinion.
LARRY G. SMITH, WIGGINTON and NIMMONS, JJ., concur.