# Supreme Court of Florida

_____

No. SC14-1150
_____

**STANLEY MCCLOUD,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[January 19, 2017]

LABARGA, C.J.

Stanley McCloud seeks review of the Fifth District Court of Appeal's decision in McCloud v. State, 139 So. 3d 474 (Fla. 5th DCA 2014), which the district court issued on remand in light of this Court's decision in Haygood v. State, 109 So. 3d 735 (Fla. 2013). McCloud cites as authority Daugherty v. State, 96 So. 3d 1076 (Fla. 4th DCA 2012), rev. granted, 143 So. 3d 917 (Fla. 2014) (table), a decision of another district court of appeal pending in this Court. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So. 2d 418, 421 (Fla. 1981). As explained below, we approve the holding of the Fifth District, but not the reasoning.

As we begin, we note that this case involves a jury instruction consistent with that deemed to be fundamentally erroneous in State v. Montgomery, 39 So. 3d 252 (Fla. 2010). The petitioner, Stanley McCloud, was convicted of second-degree murder. He initially challenged his conviction because the jury instruction on the required lesser included offense of manslaughter by act erroneously required the jury to find that he intended to cause the death of the victim. At that time, McCloud's conviction was affirmed on the grounds that the jury also received a jury instruction on manslaughter by culpable negligence. See McCloud v. State, 53 So. 3d 1206 (Fla. 5th DCA 2011).

McCloud sought review of that decision in this Court. We granted jurisdiction, quashed, and remanded in light of our decision in Haygood, which held

> that giving the manslaughter by culpable negligence instruction does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant.

109 So. 3d at 743; McCloud v. State, 137 So. 3d 1021 (Fla. 2014) (table).

On remand, the district court again affirmed McCloud's conviction, this time concluding that the order of the lesser included offenses as presented to the jury dictates the number of steps removed from the offense of conviction, and thus,

- 2 -

whether a fundamental error or harmless error analysis applies. The decision of the district court on remand is the decision currently before this Court.

We have contemporaneously issued our opinion in Daugherty v. State, No. SC14-860 (Fla. Jan. 12, 2017), which raises the same question of law as the present case; that is, how to properly determine the number of steps that the lesser included offense of manslaughter is removed from second-degree murder, the offense of conviction. In Daugherty, we quashed the decision of the Fourth District Court of Appeal and held that

> where a defendant is convicted of second-degree murder after the jury is erroneously instructed on the lesser included offense of manslaughter by act, the one step removed analysis to determine fundamental error is not based on the order of the offenses on the verdict form. Rather, because manslaughter as a matter of degree is a next lesser offense of second-degree murder, giving an erroneous instruction on manslaughter by act constitutes fundamental error even if manslaughter is not listed immediately below second-degree murder on the verdict form.

Id. at 2.

Because the Fifth District in McCloud employed the same reasoning as the Fourth District in Daugherty and applied an erroneous steps removed analysis, we disapprove of the reasoning in McCloud. However, because we conclude that the error caused by the incorrect instruction was cured by the jury's consideration of other offenses also one step removed from the offense of conviction, we approve the ultimate holding of the district court.

**FACTS AND PROCEDURAL BACKGROUND**

McCloud was charged with first-degree murder in the death of his wife, Sandra McCloud. McCloud shot Sandra with a .357 magnum in her bedroom and in the presence of their two small children. Sandra died from a single gunshot wound to the chest. One of the children sustained a grazing wound from the same gunshot. Both McCloud and Sandra had been drinking for hours before the murder. Sandra's blood alcohol level was .16.

In a 911 call that he made shortly after the shooting and after leaving the Ocala home where he shot Sandra, a distressed McCloud stated that after retrieving his .357 magnum from his truck, he shot his wife in the chest and wanted to turn himself in. McCloud drove to a convenience store, where he was taken into custody. McCloud said during the 911 call:

> She—she told me she went with the roo[f] man. And I—we've been separated for eight months. And I come back and she went with the roo[f] man. I was on my job making good money, and she told me that, and I could have been still there with my job. I'm going to turn myself in.

McCloud repeatedly made comments such as "I didn't mean to do it, but she made me do it," and "I—I'm sick and tired of this."

In an interview at the police station during the hours after the shooting, McCloud continued to repeat that he shot Sandra because she relentlessly talked to him about having another man in her life. During this interview, McCloud stated

- 4 -

that he pointed the gun at her to scare her, but did not intend to shoot and kill her. He suggested that he shot her in the dark at a point when the lights blinked in the bedroom and, in contrast to the 911 call, said he thought he shot Sandra in the shoulder. During this interview, McCloud first stated that the gun was in the truck, but then he quickly changed his statement and said that the gun was in the bedroom closet.

The bullet that killed Sandra entered the right side of her chest between the ribs, traveled through her right lung, and entered into the pericardial sac surrounding her heart. The bullet tore the upper part of her esophagus in half and lacerated her aorta. The bullet then grazed her left lung and exited her back. The medical examiner suggested that Sandra may have been sitting on the edge of the bed when she was shot, with McCloud standing one to two feet away. McCloud's children were in bed with his wife when McCloud fired the shots, and the bullet grazed one of the children in the arm.[1] Sandra was transported to the hospital with no obvious signs of life and was pronounced dead.

McCloud was convicted of the lesser included offense of second-degree murder. The jury was also instructed on the lesser included offenses of third-

---

1. McCloud entered no contest pleas to culpable negligence resulting in injury to one of the children, and culpable negligence in exposing another child to injury.

degree felony murder and manslaughter by act. On the verdict form, third-degree felony murder appeared between second-degree murder and manslaughter. On appeal, the district court concluded that, as a result of the order in which the offenses were instructed to the jury and listed on the verdict form, the erroneously instructed offense of manslaughter by act was two steps removed from second-degree murder, the offense of conviction. The district court stated:

> In this case, the lesser included offense of manslaughter by act was two steps removed from the second-degree murder conviction due to the inclusion of the felony murder charge in the jury instructions and on the verdict form.

McCloud, 139 So. 3d at 474-75. Relying on Pena v. State, the district court determined that a harmless error analysis was appropriate. 901 So. 2d 781, 787 (Fla. 2005) ("However, when the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.").

The district court concluded that the use of the erroneous manslaughter by act instruction constituted harmless error and affirmed McCloud's conviction and sentence. McCloud, 139 So. 3d at 475. The district court also cited to Daugherty, 96 So. 3d 1076, which applied the same steps-removed analysis on similar facts and concluded that the erroneous manslaughter by act instruction constituted

- 6 -

harmless error.  <u>McCloud</u>, 139 So. 3d at 475.  At the time, this Court had granted

belated review in <u>Daugherty</u>, and we subsequently granted review in <u>McCloud</u>.

**ANALYSIS**

McCloud, who was convicted of second-degree murder, maintains that he is

entitled to relief because the jury received an instruction on the lesser included

offense of manslaughter by act that was consistent with the instruction held to be

fundamentally erroneous under the facts and instructions given in <u>Montgomery</u>, 39

So. 3d at 259.  At trial, McCloud's jury was instructed as follows:

> Manslaughter, to prove the crime of manslaughter, the State must prove the following two elements beyond a reasonable doubt. One, Sandra McCloud is dead.  Two, A, Stanley McCloud intentionally caused the death of Sandra Gail McCloud or B, the death of Sandra McCloud was caused by the culpable negligence of Stanley McCloud.
> However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.
> In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.
> I will now define culpable negligence for you.  Each of us has a duty to act reasonably toward others.  If there is a violation of that duty without any conscious intention to harm, that violation is negligence, but culpable negligence is more than a failure to use ordinary care toward others.
> In order for negligence to be culpable, it must be gross and flagrant.  Culpable negligence is a course of conduct showing reckless disregard of human life or the safety of persons exposed to its dangerous effects or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness or a grossly careless disregard of the safety and welfare of the public or such an indifference to the

rights of others as is equivalent to an intention—intentional violation of such rights.

　　The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known or reasonably should have known was likely to cause death or great bodily injury.

The district court acknowledged that McCloud's jury received a faulty jury instruction on manslaughter by act. McCloud, 139 So. 3d at 474. However, the court concluded that because manslaughter was not placed immediately below second-degree murder but was preceded by third-degree felony murder, a harmless error analysis applied to the faulty instruction. In sum, the layout of the verdict form and the jury instructions rendered manslaughter two steps removed from second-degree murder because the lesser included offense of third-degree felony murder was placed between them. However, as we held in Daugherty, this was error. We explained:

　　This Court has consistently observed that manslaughter, a next lesser included offense of second-degree murder, is one step removed from second-degree murder. It is this relationship between the two offenses that undergirds this Court's conclusion that the erroneous manslaughter instruction in Montgomery constituted fundamental error. However, this Court has previously concluded that third-degree felony murder—which, like manslaughter, is also a second-degree felony—is also one step removed from second-degree murder. See Herrington v. State, 538 So. 2d 850, 851 (Fla. 1989). "Although third-degree felony murder is not a necessarily included offense of first-degree murder, it is, under certain circumstances and evidence, a proper permissive lesser included offense of first-degree murder, requiring a jury instruction to that effect." Green v. State, 475 So. 2d 235, 236 (Fla. 1985).

No. SC14-860, at 14-15 (Fla. Jan. 12, 2017). We continued:

> The district court's interpretation of what constitutes a step removed improperly focused on the appearance of the verdict form and based a defendant's entitlement to relief on an arbitrary set of circumstances—which lesser included offense is listed first when drafting the verdict form. We conclude that the determination of what constitutes a step removed is not based on the layout of the verdict form, but rather, the relationship between the offense of conviction and the erroneous lesser included offense instruction.
>
> Manslaughter, a second-degree felony, is a next lesser offense of second-degree murder. However, as we previously observed in Herrington, so is third-degree felony murder (also a second-degree felony). Daugherty's jury was instructed on multiple next lesser included offenses of the same degree of severity, and Daugherty was entitled to a proper instruction on each. The placement of third-degree felony murder on the verdict form did not, by mere virtue of its location between second-degree murder and manslaughter, remedy the error caused by the faulty manslaughter instruction. To conclude otherwise would leave to mere chance a defendant's entitlement to relief based on how the verdict form is fashioned.

Id. at 16-17. Our analysis in Daugherty applies here.

**Curing the Manslaughter by Act Error**

In this case, the issue of intent was pertinent and material to what the jury had to consider to convict McCloud, who was charged with premeditated first-degree murder. Thus, the giving of an erroneous instruction on manslaughter by act, an offense one step removed from second-degree murder, constituted fundamental error where it required the jury to find that McCloud intended to cause the victim's death. However, in Haygood, 109 So. 3d at 743, we held that fundamental error caused by the then-erroneous standard jury instruction on

- 9 -

manslaughter by act is not cured by the mere giving of an instruction on manslaughter by culpable negligence unless the evidence in the case reasonably supports a conviction of that offense. Thus, we now turn to whether the error in this case was cured because the jury was also instructed on third-degree felony murder, or because the jury was given the instruction on manslaughter by culpable negligence. Both lesser included offenses are second-degree felonies which, like manslaughter by act, are one step removed from second-degree murder.

## Third-Degree Felony Murder

"Although third-degree felony murder is not a necessarily included offense of first-degree murder, it is, under certain circumstances and evidence, a proper permissive lesser included offense of first-degree murder, requiring a jury instruction to that effect." Green, 475 So. 2d at 236. Thus, similar to manslaughter by culpable negligence, the giving of the third-degree felony murder instruction is subject to a trial court's determination that the evidence presented supports giving the instruction. In this case, the jury could reasonably have found McCloud guilty of third-degree felony murder based on the underlying crime of attempted aggravated assault with a firearm. McCloud's jury received the following instruction on third-degree felony murder, with the underlying felonies

of aggravated assault with a firearm and, alternatively, attempted aggravated

assault with a firearm:

> Third degree felony murder, before you can find the defendant guilty of third degree felony murder, the State must prove the following three elements beyond a reasonable doubt. One, Sandra McCloud is dead. Two, A, the death occurred as a consequence of and while Stanley McCloud was engaged in the commission of aggravated assault with a firearm, or B, the death occurred as a consequence of and while Stanley McCloud was attempting to commit aggravated assault with a firearm. Three, Stanley McCloud was the person who actually killed Sandra McCloud.
>
> It is not necessary for the State to prove the killing was perpetrated with a design to affect death.
>
> If you find that Stanley McCloud committed murder in the third degree and you also find that during the commission of the crime he possessed and/or discharged and/or caused death or great bodily harm with a firearm, your verdict should indicate such possession and/or discharge of a firearm and/or caused death or great bodily harm with a firearm.

The jury was instructed on aggravated assault and attempted aggravated assault as

follows:

> Aggravated assault with a firearm, the crime of aggravated assault with a firearm consist [sic] of the following four elements. One, Stanley McCloud intentionally and unlawfully threatened either by word or act to do violence to Sandra McCloud.
>
> Two, at the time Stanley McCloud appeared to have the ability to carry out the threat. Three, the act of Stanley McCloud created in the mind of Sandra McCloud a well-founded fear that the violence was about to take place. Four, the assault was made with a firearm.
>
> It is not necessary for the State to prove that the defendant had an intent to kill.
>
> Attempt to commit crime, in order to prove that the defendant attempted to commit the crime of aggravated assault with a firearm, the State must prove the following beyond a reasonable doubt. One, Stanley McCloud did some act toward committing the crime of

- 11 -

aggravate [sic] assault with a firearm that went beyond just thinking or talking about it. Two, he would have committed the crime except that he failed.

It is not an attempt to commit aggravated assault with a firearm if the defendant abandoned his attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.

The State proved beyond a reasonable doubt the first element of third-degree felony murder, that Sandra McCloud is dead, and the third element, that Stanley McCloud killed her. However, the remaining inquiry is whether the second element of third-degree felony murder was satisfied, which is based on whether the underlying felony was proven.

The jury had to find as to the second element that Sandra McCloud's death occurred as a consequence of and while McCloud was either engaged in the commission of aggravated assault with a firearm or an attempt to commit aggravated assault with a firearm.[2] While the evidence may not support a finding

---

2. We conclude that the evidence does not reasonably support a finding of a completed aggravated assault. We acknowledge that McCloud pointed a gun at Sandra and, by being in possession of the gun at that time, he appeared to be able to carry out a threat of violence using the firearm. However, the record does not reveal whether Sandra was actually threatened, nor does it reveal a well-founded fear on Sandra's part. In fact, the State emphasized that Sandra's twenty-year-old son, who was at the home at the time of the shooting, did not hear yelling or fighting that night, and came to Sandra's bedroom upon hearing a "thud." Moreover, McCloud's statement that the lights went off when he shot her raises the question whether Sandra saw McCloud with the gun.

of a completed aggravated assault, it does reasonably support a finding of attempted aggravated assault.

During his interview with law enforcement after the shooting, McCloud stated that he wanted to scare Sandra with the gun. To that end, the jury could have found that McCloud attempted to commit aggravated assault but was unable to complete his attempt because Sandra was unaware of the gun. The jury could have reasonably convicted McCloud of third-degree felony murder based on the underlying felony of attempted aggravated assault.

**Culpable Negligence**

Moreover, the jury could have reasonably convicted McCloud of manslaughter by culpable negligence. Although the decision below was on remand from this Court post-Haygood, the district court failed to expressly evaluate under a fundamental error analysis whether the evidence supported a finding of manslaughter by culpable negligence, thus remedying the fundamental error caused by the erroneous instruction on manslaughter by act. Rather, the district court applied a harmless error analysis to the faulty manslaughter instruction in McCloud because, in its view, manslaughter by act was two steps removed from second-degree murder, the offense of conviction.

In Haygood, we concluded that fundamental error caused by the faulty instruction on manslaughter by act could be remedied where the jury was also

- 13 -

instructed on manslaughter by culpable negligence, but only where the evidence reasonably supported that finding. 109 So. 3d at 743. We explained that where the manslaughter by act instruction erroneously requires intent to kill, and "the only non-intentional homicide offense remaining for the jury's consideration" is second-degree murder, fundamental error results. Id. However, if the jury is also instructed on manslaughter by culpable negligence, and there is evidence upon which the jury could reasonably find that non-intentional offense, the error caused by the manslaughter by act instruction is cured. Id.

In the present case, McCloud's jury was instructed on the offense of manslaughter by culpable negligence as follows:

> I will now define culpable negligence for you. Each of us has a duty to act reasonably towards others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence, but culpable negligence is more than a failure to use ordinary care towards others.
> In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life or the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness or a grossly careless disregard of the safety and welfare of the public or such an indifference to the rights of others as is equivalent to an intention—intentional violation of such rights.
> The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known or reasonably should have known was likely to cause death or great bodily injury.

- 14 -

"Every case of manslaughter by culpable negligence must be determined upon the facts and circumstances peculiar to it." Scarborough v. State, 188 So. 2d 877, 877 (Fla. 2d DCA 1966) (citing Fulton v. State, 108 So. 2d 473 (Fla. 1959)). "There is nothing mystical about culpability. It comprehends blame, censure or some aspect of erratic conduct." Fulton, 108 So. 2d at 475.

During his interview, McCloud stated that he did not intend to shoot Sandra and only intended to scare her after she continued to talk to him about her relationship with another man. Both McCloud and Sandra had been drinking. The jury could have reasonably concluded that the act of pointing a gun at Sandra while under the influence of alcohol, and in the presence of two young children, revealed a reckless or grossly careless disregard for her safety, and that he shot her in the course of such reckless or grossly careless behavior. Thus, there was evidence in the record from which a jury could reasonably find McCloud guilty of manslaughter by culpable negligence.

**Heat of Passion Instruction**

The State argues that fundamental error did not occur because the jury was instructed that it could convict McCloud of manslaughter if it concluded that he shot Sandra in the heat of passion. As a part of the instruction on second-degree murder, the jury was instructed as follows:

> Heat of passion, heat of passion is a valid theory of defense to the—to the depraved mind element of second degree murder. Passion

- 15 -

is the state of mind when it is powerfully acted on and influenced by something external to itself. It is one of the emotions of the mind known as anger, rage, sudden resentment, or terror.

Pursuant to Florida law, if you believe defendant's passion resulted in a state of mind where depravity, which characterized murder in the second degree is absent, you may return a verdict of manslaughter.

While this instruction gave the jury an alternative method of convicting McCloud of manslaughter, if the jury referred to the actual manslaughter instruction when deciding whether McCloud acted in the heat of passion, the faulty intent language would still have prevented it from convicting McCloud of manslaughter by act. Thus, we do not agree with the State that the heat of passion instruction, by itself, remedied the fundamental error caused by the instruction on manslaughter by act.

However, the heat of passion instruction informed the jury that it could convict McCloud of the broader crime of manslaughter. If the jury had referred back to the manslaughter instruction, that instruction referred to not only manslaughter by act, but also to manslaughter by culpable negligence, an offense which was supported by the record. Moreover, the jury could reasonably have found McCloud guilty of third-degree felony murder based on the underlying felony of attempted aggravated assault with a firearm.

## CONCLUSION

The district court engaged in an erroneous "steps removed" analysis and improperly applied a harmless error analysis to evaluate the error caused by the

erroneous instruction on manslaughter by act. Because the erroneously instructed lesser included offense of manslaughter by act was one step removed from the offense of conviction, a fundamental error analysis applies. However, with respect to lesser included offenses, the jury was properly instructed on <u>two</u> comparable and viable alternatives to manslaughter by act, both one step removed from the offense of conviction and supported by the evidence. Moreover, as to the issue of intent, the jury had for consideration the non-intentional lesser included offense of manslaughter by culpable negligence, which was reasonably supported by the evidence. Therefore, the jurors were not left with second-degree murder as the only other non-intentional lesser included offense for which they could convict McCloud. For these reasons, McCloud is not entitled to relief. Thus, we approve the ultimate holding in <u>McCloud</u>, but not the reasoning of the Fifth District.

It is so ordered.

PARIENTE, LEWIS, and QUINCE, JJ., and PERRY, Senior Justice, concur.
CANADY and POLSTON, JJ., concur in result only.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fifth District - Case No. 5D09-3179

(Marion County)

James S. Purdy, Public Defender, and Nancy Jean Ryan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Harold Heidt, Bureau Chief, and Kristen Lynn Davenport, Assistant Attorney General, Daytona Beach, Florida,

for Respondent