IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CODY LEE WHITE,

      Appellant,

v.                                  Case No. 5D17-844

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 1, 2017

3.850 Appeal from the Circuit
Court for Osceola County,
Elaine A. Barbour, Judge.

Cody Lee White, Raiford, pro se.

No Appearance for Appellee.

EDWARDS, J.

      Cody Lee White appeals the summary denial of his Florida Rule of Criminal

Procedure 3.850 motion for postconviction relief in which he asserted ineffective

assistance of trial counsel. Following careful consideration, we affirm the denial of

Appellant's first, second, and fifth grounds for relief without further discussion. However,

for the reasons set forth below, we reverse and remand on the remaining grounds for

further consideration with instructions to the postconviction court either to attach records

that conclusively refute each remaining ground or to conduct an evidentiary hearing.

Appellant was charged with first-degree murder with a firearm, attempted first-degree murder with a firearm, and robbery with a firearm. The jury found Appellant guilty of third-degree murder, attempted first-degree murder, and robbery. The jury made a special finding that Appellant did not personally possess any firearms during the commission of these crimes.

In ground three, Appellant asserts that trial counsel was ineffective for failing to timely object to the jury receiving instructions that it could return a guilty verdict for the lesser offense of third-degree felony murder. Appellant claims that the elements of third-degree felony murder were absent from the charging indictment, the evidence at trial failed to support it and was actually contradictory, and the underlying felony was never charged.

During the charge conference, the State requested instructions on third-degree felony murder. Appellant told trial counsel that he did not want the jury instructed on any lesser offenses, and trial counsel advised the court that the defense was not requesting instruction on any lesser offenses. The State persisted in its request, and the trial court found that it was entitled to such an instruction. Appellant further states that the evidence did not support a felony murder charge, as there was no proof that the death of the victim was connected to Appellant or his accomplice being involved in the purchase or sale of cannabis. There is no requirement for the indictment to charge Appellant with third-degree murder. *See Prevatt v. State*, 89 So. 807, 807-08 (Fla. 1921). "Although third-degree felony murder is not a necessarily included offense of first-degree murder, it is, under certain circumstances and evidence, a proper permissive lesser included offense of first-degree murder, requiring a jury instruction to that effect." *McCloud v. State*, 209

2

So. 3d 534, 539 (Fla. 2017) (quoting *Green v. State*, 475 So. 2d 235, 236 (Fla. 1985)). *McCloud* does not suggest that it is required to separately charge the underlying felony. *Id.*

The postconviction court denied ground three based on its finding that there was evidence Appellant attempted to purchase cannabis. The court attached records to support this finding. If the record contained evidence to support the jury's entire verdict, then counsel was not ineffective for failing to object to those instructions. However, because the court did not address or attach records regarding whether there was evidence to support a finding by the jury that the victim's death occurred in connection with the purchase or sale of cannabis, we cannot determine if trial counsel should have objected and whether that objection would likely have been sustained. Accordingly, we reverse as to ground three with instructions for the postconviction court to attach records conclusively refuting Appellant's claim that there was no evidence that the victim's death was connected to Appellant's purchase of cannabis or to conduct an evidentiary hearing on that point if necessary.

In ground four, Appellant asserts that trial counsel was ineffective for failing to properly prepare him to testify at trial. He claims that without prior discussion, counsel first told him he should testify on the morning before he took the stand. Appellant further claims that the total preparation consisted only of counsel telling him to look at the jury while he testified. Appellant argues that trial counsel should have warned him that the State would likely cross-examine him, as it did, on several text messages that gave the clear impression that Appellant intended to shoot Patrick Bacon, the person who supplied marijuana for Appellant to sell. Appellant claims that if he had been properly advised, he

3

would have chosen not to testify and the prejudicial text messages would not have been in evidence.

The postconviction court denied ground four, finding that trial counsel used Appellant's testimony to prove he had no intention and no motive to kill Bacon because Appellant made his living selling the marijuana he obtained from Bacon, and if Appellant killed Bacon, he would have no supply and no income. The court found no prejudice to Appellant and implied that this was effective trial strategy because the jury convicted him of lesser charges and found he did not personally possess, carry, display, or use a firearm. A "trial strategy" evaluation typically requires an evidentiary hearing. *See Santos v. State*, 152 So. 3d 817, 819 (Fla. 5th DCA 2014). Furthermore, neither that implicit trial strategy finding, nor the records attached, directly address Appellant's claim that if trial counsel had properly advised him, he would not have testified, which would have kept the text messages out of evidence and would, he argues, have likely led to his acquittal. Accordingly, we reverse on ground four with instructions for the postconviction court either to conduct an evidentiary hearing or to attach records that conclusively refute all aspects of Appellant's claims in ground four.

In ground six, Appellant asserts cumulative error. Because we are reversing and remanding as to grounds three and four, we also reverse and remand on this ground. *See Legrande v. State*, 206 So. 3d 146, 147 (Fla. 5th DCA 2016).

AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.

WALLIS and EISNAUGLE, JJ., concur.

4