DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROGER E. CARUTHERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1567

[November 1, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mindy F. Solomon, Judge; L.T. Case No. 13-6550 CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals his convictions for two counts of aggravated assault with a firearm, challenging the admission of a video recording and the trial court's refusal to instruct the jury on a lesser included offense. We find no error in admitting the video recording into evidence. However, we find that, based on the charging document and evidence adduced at trial, improper exhibition of a firearm was a permissive lesser included offense of attempted first-degree murder. We further find that the trial court committed per se reversible error in refusing to give the instruction, as it was one step removed from the convicted offense.

A woman had a verbal altercation with appellant at a convenience store. During the altercation, appellant pulled out a gun, hit the gun on the counter, and said he had a bullet for the woman and her fiancé. The woman left the store and went across the street to the park. Appellant followed her, repeatedly yelling that he was going to kill her and her family, some of whom were also at the park. He later fired shots at the woman and her aunt as they tried to drive away. Appellant was charged with two counts of attempted first-degree murder.

During trial, the court refused defense counsel's request for an instruction on improper exhibition of a firearm as a lesser included offense. Instead, the trial court instructed the jury on the lesser included offenses of attempted second-degree murder, aggravated assault with a firearm, and simple assault. The jury convicted appellant of two counts of aggravated assault with a firearm.

We review the trial court's decision not to give the requested jury instruction de novo because the "facts are undisputed and the legal determination to be made on appeal is whether an offense is a permissive lesser included offense to the crime charged." *Piggott v. State*, 140 So. 3d 666, 668 (Fla. 4th DCA 2014).

The Florida Standard Jury Instructions identify necessarily lesser-included offenses (category one) and permissive lesser-included offenses (category two). *See Moore v. State*, 932 So. 2d 524, 527 (Fla. 4th DCA 2006). "Although the schedule is presumptively correct and complete, trial courts are charged with the responsibility to determine and properly instruct the jury on the prevailing law." *Williams v. State*, 957 So. 2d 595, 599-600 (Fla. 2007) (citations, alteration, and quotation marks omitted).

"A permissive lesser included offense exists when 'the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been.'" *Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006) (alterations in original) (citation omitted). *See also Amado v. State*, 585 So. 2d 282, 282 (Fla. 1991) ("Permissive lesser included offenses are those offenses that may or may not be lesser included offenses depending on the pleadings and the evidence presented."). Upon request, the judge must instruct the jury on permissive lesser included offenses of the crime charged which are supported by the information and evidence. *Wimberly v. State*, 697 So. 2d 1272, 1273 (Fla. 4th DCA 1997).

The schedule of lesser included offenses for first-degree murder lists aggravated assault and simple assault as permissive lesser included offenses. *See* Fla. Std. Jury Instr. (Crim.) 6.2. Additionally, the schedule of lesser included offenses for aggravated assault lists both improper exhibition of a firearm and assault as necessarily included offenses. *See* Fla. Std. Jury Instr. (Crim.) 8.2.

As the state correctly concedes, improper exhibition of a firearm is a lesser included offense in this case. The elements of improper exhibition

2

of a firearm are: (1) having or carrying a firearm; (2) exhibiting the firearm in a rude, careless, angry, or threatening manner, and (3) doing so in the presence of one or more persons. *See* Fla. Std. Jury Instr. (Crim.) 10.5; *see also* § 790.10, Fla. Stat. (2013). As to one victim, the information alleged that appellant "did brandish and discharge a firearm in the direction of [the victim] while verbally threatening [the victim] and others." As to the other victim, the information alleged that appellant "did run toward [the victim] and others while discharging a firearm and verbally threatening to kill them." Additionally, the evidence at trial supported each of the elements of improper exhibition of a firearm.

The failure to instruct on the next immediate lesser-included offense, one step removed from the offense of conviction, constitutes per se reversible error. *Daugherty v. State*, 211 So. 3d 29 (Fla. 2017); *McCloud v. State*, 209 So. 3d 534 (Fla. 2017). This is because the jury must be given "a fair opportunity to exercise its inherent 'pardon' power by returning a verdict of guilty as to the next lower crime." *State v. Abreau*, 363 So. 2d 1063, 1064 (Fla. 1978). Where, however, "the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis." *Pena v. State*, 901 So. 2d 781, 787 (Fla. 2005).

The state argues that the error was harmless because the jury was instructed on the lesser included offense of assault. Although both assault and improper exhibition of a firearm are listed as necessarily included lesser offenses of aggravated assault, they are not comparable lesser offenses because they are different degrees. Assault is a second-degree misdemeanor whereas improper exhibition of a firearm is a first-degree misdemeanor. *See* §§ 784.011, 790.10, Fla. Stat. Thus, only improper exhibition of a firearm was one step removed from the convicted offense of aggravated assault with a firearm, a third-degree felony. *See* § 784.021, Fla. Stat. Assault was two steps removed.

Because assault and improper exhibition of a firearm are not comparable lesser included offenses, the state's reliance on *McCloud v. State*, 209 So. 3d 534 (Fla. 2017), is misplaced. In that case, error in instructing on a lesser included offense one step removed from conviction was harmless where the jury was properly instructed on other lesser included offenses also one step removed from conviction.

Appellant also challenges the admission of the video depicting the altercation in the convenience store. Because the state may seek to introduce the video during trial, we consider this issue and find that the

trial court did not abuse its discretion in admitting the video. The video was "inextricably intertwined" with the incident at the park and relevant to show appellant's state of mind.

In sum, because the trial court failed to instruct on an offense one step removed, the error is per se reversible. *See Ammons v. State*, 623 So. 2d 807, 809 (Fla. 1st DCA 1993). As such, we reverse and remand for a new trial.

*Reversed and remanded.*

GERBER, C.J., and MAY, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***